SECOND DEPARTMENT, OCTOBER 1990

(October 1, 1990)

■ BAKER BOY OF GLENDALE, INC., Appellant, v 35-63 82ND STREET CORP. et al., Respondents.—In an action prosecuted by motion pursuant to CPLR 3213 for summary judgment in lieu of complaint to recover on promissory notes, the plaintiff appeals from an order of the Supreme Court, Queens County (Hentel, J.), dated June 14, 1989, which granted that branch of the defendants' motion which was for leave to renew and, upon renewal, vacated an order and judgment of the same court, dated January 19, 1989, which, *inter alia,* granted summary judgment to the plaintiff.

Ordered that the order dated June 14, 1989, is modified, on the law, by deleting the second, third, fourth and fifth decretal paragraphs thereof and substituting therefor the provision that upon renewal, the original determination in the order and judgment of the Supreme Court, Queens County (Hentel, J.), dated January 19, 1989, is adhered to; and as so modified, the order is affirmed, with costs to the plaintiff.

On or about May 12, 1987, the plaintiff sold a bakery to the defendant 35-63 82nd Street Corp. The plaintiff also assigned to the corporate defendant a franchise agreement with respect to the bakery. As part of the purchase price, the defendants Frank Sluka, Rita Sluka, Robert Sluka and Peter Sluka, on behalf of the corporate defendant, signed a series of 66 promissory notes representing the principal sum of $225,000. Each promissory note provided for acceleration of the total amount due in the event of the nonpayment of any one of the notes. Further, the individually named defendants guaranteed the payment of the notes.

The defendants operated the business, without complaint, and paid the first 13 notes. On May 18, 1988, the bakery premises were destroyed by fire, and the defendants were unable to continue the business. The defendants thereupon failed to pay the fourteenth note.

Subsequently, the plaintiff commenced this action, by motion pursuant to CPLR 3213 for summary judgment in lieu of complaint, seeking the balance due on the outstanding promissory notes, with interest. The defendants opposed this motion, essentially alleging that in violation of General Business Law § 683 (8), the plaintiff had failed to give them a copy of the offering prospectus for the bakery franchise. Based upon this alleged statutory violation, the defendants contended that they were entitled to rescission and restitution.

The Supreme Court initially granted the plaintiff's motion for summary judgment and an appropriate order and judgment was issued in its favor on January 19, 1989. However, in a subsequent order dated June 14, 1989, the Supreme Court, upon granting that branch of the defendants' motion which was for leave to renew, *inter alia,* vacated its January 19, 1989, order and judgment and denied summary judgment to the plaintiff. The plaintiff appeals from the order dated June 14, 1989.

Contrary to the Supreme Court's specific determination, we find that summary judgment was not precluded because the defendants' renewal papers raised an issue of fact concerning whether they had received a copy of the offering prospectus. General Business Law § 691 (1) provides, in relevant part, that rescission is an available remedy only where a franchise seller's violation of General Business Law § 683 is "willful and material." The defendants did not submit anything of an evidentiary nature to support the conclusory allegation in their attorney's affirmation that the plaintiff's alleged nondis-

closure was willful, nor did the defendants even allege that the purported nondisclosure was material. Since the defendants failed to demonstrate the existence of a triable issue of fact, the Supreme Court should have adhered to its original determination granting summary judgment to the plaintiff *(see, Fidelity N. Y. v Hanover Cos.,* 148 AD2d 577; *Ihmels v Kahn,* 126 AD2d 701). Thompson, J. P., Lawrence, Miller and O'Brien, JJ., concur.