■ 600 West 115th Street Corp., Appellant, v 600 West 115th Street Condominium et al., Respondents.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about July 3, 1990, which, *inter alia,* dismissed plaintiff's first and second causes of action without prejudice to their reinstatement in the event of a reversal of the judgment entered in the CPLR article 78 proceeding plaintiff brought against the Department of Consumers Affairs, modified, on the law, to grant defendant 600 West 115th Street Condominium's motion for summary judgment to the extent of declaring in connection with the first cause of action, that such defendant's consent is required for plaintiff to erect and maintain a sidewalk cafe appurtenant to the building located at 600 West 115th Street, and dismissing the second cause of action, unconditionally, and otherwise affirmed, without costs.

Defendant Condominium is the owner of the land, building and Common Elements. Under the Declaration and By-laws, Common Elements are defined to include sidewalks and all things appurtenant to the building. Commercial Unit owners have an easement to renovate the Storefronts. While Storefronts are not specifically defined, it appears from the Declaration and supporting documents that the reference is to the exterior walls of the building itself, including door and windows. Additional easements are granted for signs at or around the space abutting the Commercial Unit and for ingress and egress, nothing more. Article 5 of the Declaration limits the right of the Commercial Unit owner to renovate without the consent of the Condominium Board of Managers to alterations which do not "affect the portion of the Building utilized by the other Unit Owners" and which do not "alter the outside of the Building", thus manifesting a clear intention that the Condominium retain control over such areas. The documents submitted by the Condominium support its right to summary judgment on this issue, and plaintiff's submissions fail to raise any triable issue of fact. Accordingly, plaintiff's cause of action for declaratory judgment should not have been dismissed, and the rights of the parties should have been declared as above indicated *(Lanza v Wagner,* 11 NY2d 317, 334).

Plaintiff's second cause of action sounding in prima facie tort is without merit, the Condominium having a clearly stated and valid interest in protecting the right of ingress and

egress for Residential Unit owners, who have a 92 percent interest in the Common Elements. Thus, "1" of the Condominium's Rules state that "The sidewalks * * * of or appurtenant to the Building shall not be obstructed or used for any purpose other than ingress to and egress from the Units." In view of the obvious business purpose behind the Condominium's objection to plaintiff's plans, plaintiff's conclusory allegations of malice fail to raise a triable issue of fact *(Luxonomy Cars v Citibank,* 65 AD2d 549), and summary judgment on the second cause of action should have been granted unconditionally.

Plaintiff's claims of fraudulent misrepresentation and reformation against defendants Coronet and Excelsior were properly dismissed. With respect to Coronet, any claim of justifiable reliance by plaintiff is dispelled by the plain language of plaintiff's lease stating that plaintiff might need the consent of the Condominium to expand the sidewalk cafe. It also appears from the lease and affidavits submitted on plaintiff's behalf that plaintiff understood at the time it entered into the lease that the existing structure might have to be removed. With respect to Excelsior, although it signed an affidavit consenting to plaintiff's Department of Consumer Affairs application indicating thereon, truthfully, that it was the owner of the Commercial Unit, its declaration that it had the right to give or withhold requisite consent was in the nature of an opinion concerning a matter known to be in contention between the parties, and does not constitute actionable fraud. Concur— Milonas, J. P., Ellerin, Ross, Asch and Kassal, JJ.