■ LORIS F. ABRAHAM, Also Known as LORIS F. HABASI, Appellant, v NEW YORK UNIVERSITY COLLEGE OF DENTISTRY, Respondent.—Order, Supreme Court, New York County (Burton Sherman, J.), entered March 10, 1992, dismissing the complaint pursuant to CPLR 3211 (a) (5) and (7), unanimously affirmed, with costs.

Plaintiff does not point to any specific representation in any of defendant's literature which states that graduation from its Institute for Foreign Trained Dentists would qualify her to take licensing examinations in every State. Since defendant's brochure for the Institute clearly advised that the regulations for licensing examinations vary from State to State and that efforts should be made to obtain a booklet from the American Dental Association, whose address was set forth therein, providing such information, any claim of reasonable reliance is dispelled by the plain language of the brochure (Vought v Teacher's Coll., 127 AD2d 654, 655; see also, 600 W. 115th St. Corp. v 600 W. 115th St. Condominium, 180 AD2d 598, 599) and thus plaintiff's fraud claim lacks merit. The lack of any representation in the brochure supporting plaintiff's asserted expectation is equally fatal to the contract claim (see, Prusack v State of New York, 117 AD2d 729, 730). Aside from lack of merit, we agree with the IAS Court that both the fraud claim (CPLR 213 [8]; 203 [f]; see, K&E Trading & Shipping v Radmar Trading Corp., 174 AD2d 346, 347), and the contract claim (CPLR 213 [2]) are barred by the Statute of Limitations. Concur—Carro, J. P., Milonas, Ross and Asch, JJ.