■ JUNG HING LEUNG et al., Appellants-Respondents, v LOTUS RIDE, INC., Respondent-Appellant, and LOTUS PARTNERS et al., Respondents. [604 NYS2d 65] —Order, Supreme Court, New York County (William Davis, J.), entered June 15, 1992, which granted defendants' motion for summary judgment dismissing the second amended complaint to the extent of dismissing the complaint in its entirety as against defendants Lotus Partners, Miltcar Enterprises, Inc., Mel M. Immergut and Raymond Tsang, dismissing the second, sixth, seventh, eighth, ninth and tenth causes of action in their entirety, and dismissing the first and third causes of action insofar as damages and rescission for fraud and violation of the Franchise Sales Act

(General Business Law § 680 *et seq.)* are sought on behalf of plaintiffs Leung, R. Lau, Ip, Hung, Hu, Liu, H. B. Gong, Fung and T. W. Tsang, unanimously modified, on the law, to the extent of dismissing the third cause of action for rescission in its entirety, and otherwise affirmed, without costs.

In this action brought by a number of radio car service drivers against the service franchisor and several related entities and their officers, the IAS Court properly dismissed as untimely those claims brought under the Franchise Sales Act as are based on franchise agreements that were executed more than three years prior to commencement of the action (General Business Law § 691 [4]; *see, Zaro Licensing v Cinmar, Inc.,* 779 F Supp 276, 287). No issues of fact as to timeliness are raised by the statements in the verified complaint asserting different dates of execution from those appearing on the face of the agreements, where the dates in question are not specified and the verified statements are left unexplained. The fraud claims based upon alleged oral misrepresentations concerning the number of franchises to be sold are barred by the parol evidence rule, any claim of reliance being dispelled by the express provision in the franchise agreements that the number of franchises was to be unlimited *(see, Abraham v New York Univ. Coll. of Dentistry,* 190 AD2d 567). Those claims of fraud based upon advertisements promising that substantial income could be earned by the franchisees are not viable absent a showing that such statements were made with the knowledge that they were false and unreasonable *(see, East 32nd St. Assocs. v Jones Lang Wootton USA,* 191 AD2d 68, 71). Moreover, since, as plaintiffs concede, they made a profit, the element of pecuniary loss necessary to support a claim of fraud is lacking *(see, Halkedis v Two E. End Ave. Apt. Corp.,* 161 AD2d 281, 282, *lv denied* 76 NY2d 711). Neither the alleged coercion *(see, United States v Private Sanitation Indus. Assn.,* 793 F Supp 1114, 1131-1133) nor the alleged fraud in the sale of franchises amounts to a predicate act under the Racketeer Influenced and Corrupt Organizations statute (18 USC § 1961 *et seq.).* These labor-intensive franchises, though controlled to a large extent by the franchisor, were not investment contracts through which profits were to be obtained substantially from the efforts of others, and thus were not securities within the meaning of the Federal statutes *(see, Securities & Exch. Commn. v Turner Enters.,* 474 F2d 476, *cert denied* 414 US 821). The rescission claim in the third cause of action should have been dismissed as against all defendants for failure to submit any evidence that the alleged violations

were willful, as required by General Business Law § 691 (1) *(see, Baker Boy v 35-63 82nd St. Corp.,* 166 AD2d 397, 398-399, *lv denied* 77 NY2d 807). We have considered plaintiffs' other arguments, some of which were improperly raised for the first time on appeal *(see, Mount Vernon Fire Ins. Co. v William & Georgia Corp.,* 194 AD2d 366, 367) and find them to be without merit. Concur—Murphy, P. J., Carro, Ellerin and Nardelli, JJ.