**14**

UNITED MAGAZINE COMPANY, INC., Stoll Companies, Michiana New Service, Inc., Geo. R. Klein News Co. and Central News Company, Plaintiffs–Counter–Defendants–Appellants,

Read–Mor Book Store, Inc., Plaintiffs,

Scherer Companies and Newspaper Sales, Inc., Plaintiffs–Counter–Defendants,

v.

CURTIS CIRCULATION COMPANY and Time Distribution Services, Inc., Defendants–Appellees,

Kable News Company, Inc., Comag Marketing Group, LLC, and Hearst Distribution Group, Inc., Defendants–Counter–Defendants–Appellees,

Murdoch Magazines Distribution, Inc., TV Guide Distribution, Inc., and Warner Publishing Services, Inc., Defendants–Counter–Claimants–Counter–Defendants–Appellees,

Chas. Levy Circulating Co. and Curtis Circulation Company, Defendants–Counter–Claimants–Counter–Defendants,

Barbara Levy Kipper, Defendant,

Warner Publisher, Defendant–Counter–Claimant.

No. 06–3212–cv.

United States Court of Appeals, Second Circuit.

March 25, 2008.

Susan M. Damplo, Law Offices of Susan M. Damplo, Ardsley, NY, for Plaintiffs–Counter–Defendants–Appellants.

George G. Gordon, Dechert LLP, Philadelphia, PA, for Defendant–Appellee Curtis Circulation Company.

Irving Scher, Weil, Gotshal & Manges LLP, New York, NY, for Defendant–Appellee Time Distribution Services, Inc., and Defendant–Counter–Claimant–Counter–Defendant–Appellee Warner Publishing Services, Inc.

I. Michael Bayda, McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York, NY, for Defendant–Counter–Defendant–Appellee Kable News Company, Inc.

Lawrence I. Fox, McDermott, Will & Emery, LLP, New York, NY, for Defendants–Counter–Defendants–Appellees Hearst Distribution Group, Inc.

Yang Chen, Constantine Cannon LLP, New York, NY, for Defendants–Counter–Claimants–Counter–Defendants–Appellees

Murdoch Magazines Distribution, Inc., and TV Guide Distribution, Inc.

Present: Hon. JOSEPH M. McLAUGHLIN and Hon. B.D. PARKER [1], Circuit Judges.

## SUMMARY ORDER

United Magazine Company, Inc., Stoll Companies, Michiana New Service, Inc., Geo. R. Klein News Co. and Central News Company (collectively "United Magazine") appeal judgments of the United States District Court for the Southern District of New York dismissing their complaint which asserted various anti-trust claims. Specifically, they challenge the district court's decisions: (1) dismissing with prejudice United Magazine's Sherman Act §§ 1 and 2 claims in *United Magazine Co. v. Murdoch Magazines Distribution, Inc.*, 146 F.Supp.2d 385, 400–03 (S.D.N.Y.2001) (Schwartz, *J.*) ("*Unimag I*"); (2) granting summary judgment to Defendants on United Magazine's Robinson–Patman Act § 2(a) claims in *United Magazines Co. v. Murdoch Magazines Distribution, Inc.*, 353 F.Supp.2d 433 (S.D.N.Y.2004) (Castel, *J.*) ("*Unimag III*") and *United Magazine Co. v. Murdoch Magazines Distribution, Inc.*, 393 F.Supp.2d 199, 206–13 (S.D.N.Y. 2005) (Castel, *J.*) ("*Unimag IV*"); (3) ending discovery and striking United Magazine's expert report in *Unimag IV*, 393 F.Supp.2d at 203–05; and (4) dismissing

with prejudice United Magazine's state law promissory estoppel and New York Franchise Sale Act claims in *Unimag I*, 146 F.Supp.2d at 405–07. We presume the parties' familiarity with the facts, the procedural context, and the issues on appeal.

### I. Sherman Act

United Magazine alleges that the Distributor Defendants [2] and Levy violated §§ 1 and 2 of the Sherman Act and the Ohio Valentine Act by engaging in a conspiracy in which Levy charged certain retailers predatory prices. *Unimag*, 146 F.Supp.2d at 400–03; 15 U.S.C. §§ 1, 2; Ohio Rev.Code Ann. § 1331.01 *et. seq.* We affirm the district court's dismissal of the Sherman Act and Ohio Valentine Act claims for the reasons expressed in *Unimag I. See* 146 F.Supp.2d at 400–03.

### II. Robinson–Patman Act

United Magazine argues that Defendants engaged in price discrimination and violated § 2(a) of the Robinson–Patman Act by selling goods to Levy at a lower price than the one they charged United Magazine.

#### A. *Unimag III*

■ In *Unimag III*, the district court granted, in part, certain Distributor Defendants' motions for summary judgment as to United Magazine's § 2(a) claim. [3]

1. Judge Richard C. Wesley, originally a member of this panel, recused himself from consideration of this case. Accordingly, the appeal has been decided by the panel's remaining two judges pursuant to this Court's Local Rule § 0.14(b).

2. Defendants, national distributors of magazines who appeal the district court's decisions here, are referred to as "Distributor Defendants" or "Distributors" or "Defendants." Levy, the alleged "favored" competitor, has settled.

3. Defendants who were entitled to summary judgment on these grounds were Murdoch Magazines Distribution, Inc. ("Murdoch Distribution"), TV Guide Distribution, Inc. ("TGD"), Comag Marketing Group, LLC ("Comag"), Hearst Distribution Group, Inc. ("HDG"), and Warner Publisher Services, Inc. ("WPS"). *Unimag III*, 353 F.Supp.2d at 443–47.

Defendant Time Distribution Services, Inc. ("TDS") sought summary judgment only with respect to magazines not published by its parent company, Time Inc., because its contract

*Unimag III*, 353 F.Supp.2d at 437. The district court correctly granted summary judgment as to United Magazine's price discrimination claim because "[d]efendants have demonstrated that they lack control of the price and other terms of sale to plaintiffs, and plaintiffs have not succeeded in creating a genuine issue of material fact with respect thereto." *Id.* United Magazine could not prove a price discrimination claim against Defendants who were unable to set the price of the magazines they distributed.

The district court refused to grant summary judgment to the Distributor Defendants on the return-policy price discrimination claim—whether differing policies regarding the return of magazines by the Distributor Defendants affected the price of magazines and resulted in discriminatory pricing. *Id.* at 437–38. The district concluded that Distributor Defendants "who concede that they are responsible for the allegedly discriminatory return policies, have not met their initial burden of demonstrating that their return policies cannot support a price discrimination claim against them under section 2(a)." *Id.*

### B. *Unimag IV*

■ United Magazine informed the district court that it had a claim based on "a handling policy favoring competitor Levy,

in which Levy was allotted fewer magazines and had lower returns and reduced costs of operation as a result." *Unimag IV*, 393 F.Supp.2d at 206. Standing to bring a § 2(a) Robinson–Patman claim requires that a private plaintiff "make some showing of actual injury attributable to something the antitrust laws were designed to prevent."[4] *J. Truett Payne Co. v. Chrysler Motors Corp.*, 451 U.S. 557, 562, 101 S.Ct. 1923, 68 L.Ed.2d 442 (1981). "Absent actual competition with a favored [purchaser]" a plaintiff alleging a secondary-line Robinson–Patman injury "cannot establish the competitive injury required under the [Robinson–Patman] Act." *Volvo Trucks N. Am., Inc. v. Reeder–Simco GMC, Inc.*, 546 U.S. 164, 176–77, 126 S.Ct. 860, 163 L.Ed.2d 663 (2006).

United Magazine contends that Levy, as a "favored competitor" encroached on a number of United Magazine's customer accounts. But United Magazine does not direct this Court to evidence establishing that United Magazine and Levy were in head-to-head competition for a certain bid. It merely alleges that it generally reduced its bids out of fear that Levy *might* decide to bid on a particular contract. *Volvo* requires more. Even if United Magazine did compete directly with Levy for some number of contracts,[5] it would have to

---

with Time provided that TDS was the purchaser and reseller of those titles published by Time Inc. *Id.* at 437. Defendant Curtis Circulation Company ("Curtis") was not entitled to partial summary judgment because it had some control over the pricing of the magazines it distributed, *id.* at 444–45, and Defendant Kable did not join the motion, *id.* at 434 n. 1.

4. To establish an antitrust injury, a plaintiff must show "(1) an injury-in-fact; (2) that has been caused by the violation; and (3) that is the type of injury contemplated by the statute." *Blue Tree Hotels, Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*,

369 F.3d 212, 220 (2d Cir.2004), (citing *Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc.*, 429 U.S. 477, 489, 97 S.Ct. 690, 50 L.Ed.2d 701 (1977)).

5. In their reply brief, United Magazine contends that Levy "successfully competed" against them "head to head for retail accounts" a number of times. In support of this claim, they cite to the Thompson declaration, which provided that Levy "ended up" with certain customers in 1996–1997, and Exhibit GG, which, as we explain, was properly stricken from the record. That Levy "ended up" with these customers does not prove that

show that any "price discrimination be-tween" United Magazine and Levy was "of such magnitude as to affect substantially competition between" the two competitors. *Id.* at 180, 126 S.Ct. 860. Because United Magazine has not fulfilled the burden of showing an injury to competition, as required by *Volvo*, we do not reach the district court's other grounds for granting summary judgment on the Robinson–Patman Act claim in *Unimag IV*.

### III. Expert Report

■ United Magazine contends that the district court abused its discretion in closing discovery and striking United Magazine's expert's Supplemental Report and Exhibit GG of the Thompson affidavit. We disagree. After extensive discovery the district court ordered that "Plaintiffs shall not be permitted to make *any* further additions or modifications to the submissions served by Plaintiffs" on October 28, 2003.

In December, United Magazine submitted, without leave, the Supplemental Report. The district court did not abuse its discretion in striking this submission. United Magazine then "attempt[ed] to submit the very same [untimely] exhibits" as Exhibit GG, which they filed in their opposition to Defendants' motion for summary judgment. *Unimag IV*, 393 F.Supp.2d at 204. The district court did not abuse its discretion in again striking an exhibit that it had previously ruled inadmissible. *C.f.* Fed.R.Civ.P. 56(e) (prohibiting reliance on facts not admissible at trial).

### IV. State Law

#### A. Promissory Estoppel

■ United Magazine alleges that Distributor Defendants were "promissorily

estopped from taking away plaintiffs' exclusive territories" and that Distributor Defendants' failure to give them proper notice left them "with incurred costs, for matters such as vehicles, employment contracts, and real estate contracts, expenses that they could not reduce to match their reduced income (as they would have if given proper notice)." *Unimag I*, 146 F.Supp.2d at 405–06. United Magazine originally alleged this promissory estoppel claim in the alternative to a breach of contract claim which the district court found to be barred by the Statute of Frauds. *Id.* at 403–06.[6]

The district court correctly held that "[a] claim for promissory estoppel may not be maintained under New York law where the alternative claim for breach of contract is barred by the Statute of Frauds, unless the circumstances make it unconscionable to deny the promise upon which the plaintiff relied." *Id.* at 405 (citing to *Merex A.G. v. Fairchild Weston Sys., Inc.*, 29 F.3d 821, 826 (2d Cir.1994)). An "unconscionable injury" is one "beyond that which flows naturally (expectation damages) from the non-performance of the unenforceable agreement." *Merex A.G.*, 29 F.3d at 826. The district court determined that "the loss of money invested in the business over the years is precisely the injury that flows naturally from the non-performance of an oral agreement to grant an exclusive wholesale territory until notice of termination is given" and correctly held that this conduct does not constitute an "unconscionable" injury. *Unimag I*, 146 F.Supp.2d at 406.

#### B. New York Franchise Sale Act

■ United Magazine contends that the district court erred in finding that their

---

United Magazine and Levy were engaged in "head-to-head" bidding.

6. United Magazine did not appeal the district court's ruling on the breach of contract claim.

claim under the New York Franchise Sales Act ("Franchise Act") was barred by its three year statute of limitations. *See* N.Y. Gen. Bus. Law § 691(4). The district court noted that "Plaintiffs' agreement with each Distributor was entered into in 1981 [while] Plaintiffs' original complaint was not filed until 2000" and correctly found "that the limitations period begins to run at the time that the parties first enter into the franchise agreement." *Unimag I.*, 146 F.Supp.2d at 407; *see also Leung v. Lotus Ride, Inc.*, 198 A.D.2d 155, 156, 604 N.Y.S.2d 65 (1st Dep't.App.Div.1993) ("[C]ourt properly dismissed as untimely those claims brought under the Franchise Act as are based on franchise agreements that were executed more than three years prior to commencement of the action.").

United Magazine's only response to the statute of limitations issue is its assertion that the franchise agreements were changed every time United Magazine was given new titles to distribute. Thus, United Magazine argues that the statute of limitations began anew every time new titles were delivered. The district court noted that "Plaintiffs do not ... cite any authority in support of this argument" and we affirm the district court's holding that "plaintiffs' cause of action for breach of the New York Franchise Sales Act [w]as untimely." *Unimag I*, 146 F.Supp.2d at 407.

We have considered Appellants' other contentions and find them to be without merit.

### Conclusion

Accordingly, for the reasons set forth above, the judgment of the district court is hereby AFFIRMED.