■ BURGERS BAR FIVE TOWNS, LLC, Respondent, v BURGER HOLDINGS CORP., Also Known as BURGERS HOLDING, INC., et al., Appellants. [897 NYS2d 502]—

In an action, inter alia, to recover damages for violation of the Franchise Sales Act (General Business Law § 680 *et seq.*), the defendants appeal, as limited by their brief, from (1) stated portions of an order of the Supreme Court, Nassau County (Bucaria, J.), dated September 17, 2008, (2) so much of an amended order of the same court dated November 20, 2008, as granted that branch of the plaintiff's motion which was for summary judgment on the cause of action alleging a violation of the Franchise Sales Act, (3) an order of the same court (Brandveen, J.), dated November 25, 2008, which, after a hearing, in effect, granted that branch of the plaintiff's motion which was for an award of an attorney's fee in the sum of $27,709.25, and (4) a judgment of the same court (Bucaria, J.), entered February 18, 2009, which, upon the orders, is in favor of the plaintiff and against the defendants in the total sum of $84,642.58.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the cause of action alleging a violation of the Franchise

Sales Act and for an award of an attorney's fee in the sum of $27,709.25, are denied, and the orders dated September 17, 2008, November 20, 2008, and November 25, 2008, are modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeals from the intermediate orders must be dismissed, as the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment.

The defendants own and operate a kosher hamburger restaurant in Brooklyn, which does business under the name "Burger Bar." On November 16, 2006, the parties entered into a "licensing agreement," which permitted the plaintiff, in exchange for a fee, to open a new restaurant using the "Burger Bar" name and logo. Under the terms of the agreement, the plaintiff was required to purchase all of its supplies from the defendants, and pay the defendants royalties. The plaintiff subsequently commenced this action against the defendants alleging, inter alia, that the parties' agreement was actually a franchise agreement within the ambit of the Franchise Sales Act (General Business Law § 680 et seq.), and that the defendants violated the Franchise Sales Act by failing to register an offering prospectus with the Attorney General. Based upon the defendants' alleged violation of the Franchise Sales Act, the plaintiff sought relief, among other things, the return of the money it had paid pursuant to the agreement, and the award of an attorney's fee. The Supreme Court thereafter awarded the plaintiff summary judgment on its cause of action alleging a violation of the Franchise Sales Act, directed the return of the fee that the plaintiff had paid pursuant to the agreement, and set the matter down for a hearing on the issue of attorney's fees. After the hearing, the Supreme Court, in effect, granted that branch of the plaintiff's motion which was for an award of an attorney's fee, and awarded the plaintiff an attorney's fee in the sum of $27,709.25. A judgment in favor of the plaintiff and against the defendants in the total sum of $84,642.58 was thereafter entered. We reverse the judgment.

General Business Law § 683 (1) provides that "[i]t shall be unlawful and prohibited for any person to offer to sell or sell in this state any franchise unless and until there shall have been registered with the department of law, prior to such offer or sale, a written statement to be known as an 'offering prospectus' concerning the contemplated offer or sale," setting forth

the information required by that section. However, an exemption to the registration requirement exists for what is commonly referred to as an "isolated sales transaction," which is the sale of a single franchise accomplished "pursuant to an offer directed by the franchisor to not more than two persons" (General Business Law § 684 [3] [c]; *see* Kaufmann, Practice Commentaries, McKinney's Cons Laws of NY, Book 19, General Business Law art 33, at 358-359). Here, in support of that branch of its motion which was for summary judgment on the cause of action alleging a violation of the Franchise Sales Act, the plaintiff made a prima facie showing that the subject licensing agreement, which granted it the right to use the defendants' "Marks and Operating System" in exchange for a lump sum payment and royalties, is a franchise agreement as defined by General Business Law § 681 (3). It is also undisputed that the defendants did not register an offering prospectus prior to entering into the subject agreement with the plaintiff. However, in opposition to the plaintiff's motion for summary judgment, the defendants raised a triable issue of fact as to whether they were exempt from the registration requirement pursuant to General Business Law § 684 (3) (c).

Moreover, even if the defendants violated the Franchise Sales Act by failing to register an offering prospectus, the plaintiff must still prove that it sustained damages as a result of the violation, and must further prove that the violation was "willful and material" in order to be entitled to an award of an attorney's fee (General Business Law § 691 [1]; *see Jung Hing Leung v Lotus Ride*, 198 AD2d 155, 156-157 [1993]; *Baker Boy of Glendale v 35-63 82nd St. Corp.*, 166 AD2d 397, 398-399 [1990]). Here, the plaintiff failed to submit evidentiary proof that it sustained damages as a result of the defendants' alleged violation of the Franchise Sales Act, or that the alleged violation was "willful and material" (General Business Law § 691 [1]). The plaintiff's failure to make a prima facie showing of its entitlement either to damages or an award of an attorney's fee provides an additional basis for denial of its motion for summary judgment (*see Jung Hing Leung v Lotus Ride*, 198 AD2d at 156-157; *Baker Boys of Glendale v 35-63 82nd St. Corp.*, 166 AD2d at 398-399).

The parties' remaining contentions are without merit. Fisher, J.P., Santucci, Eng and Chambers, JJ., concur. **[Prior Case History: 2008 NY Slip Op 32587(U).]**