■ Timothy Keefe, Appellant, v New York Law School, Respondent. [897 NYS2d 94]—

Order, Supreme Court, New York County (Louis B. York, J.), entered November 25, 2009, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff, a transfer student at defendant law school, commenced this action alleging, inter alia, that defendant breached an implied contract of good faith and fair dealing with him as a result of a grade he received in his Legal Writing II course. Claiming that he was unfairly disadvantaged because he did not take Legal Writing I at the law school, plaintiff seeks to require the law school to change its grading system from letter grades to pass/fail.

"The rights and obligations of the parties, as contained in the university's bulletins, bec[o]me a part of the parties' contract" (*Prusack v State of New York*, 117 AD2d 729, 730 [1986]). However, only specific promises set forth in a school's bulletins, circulars and handbooks, which are material to the student's relationship with the school, can establish the existence of an implied contract (*see Lloyd v Alpha Phi Alpha Fraternity*, 1999 WL 47153, *9-10, 1999 US Dist LEXIS 906, *25-28 [ND NY 1999]; *see also Abraham v New York Univ. Coll. of Dentistry*, 190 AD2d 567 [1993]). Absent the existence of a contract, a claim alleging breach of the implied covenant of good faith and fair dealing is legally unavailing (*see Schorr v Guardian Life Ins. Co. of Am.*, 44 AD3d 319 [2007]). Furthermore, "although . . . the determinations of educational institutions as to the academic performance of their students are not completely beyond the scope of judicial review, that review is limited to the question of whether the challenged determination was arbitrary and capricious, irrational, made in bad faith or contrary to Constitution or statute" (*Matter of Susan M. v New York Law School*, 76 NY2d 241, 246 [1990] [citations omitted]).

The court properly dismissed the complaint as there is no indication that defendant ever promised that it would utilize a pass/fail grading system. In fact, the remedy plaintiff seeks is contradicted by the documentary evidence, as defendant communicated through its student handbook that it utilizes a letter grading system under which all students are evaluated. Accord-

ingly, plaintiff's breach of implied contract claim fails, as does his claim for breach of the implied covenant of good faith and fair dealing.

Plaintiff contends that he was unfairly disadvantaged and that his grade was arbitrary and capricious, as all assignments given in Legal Writing II were based on the law and the facts from assignments given in Legal Writing I. This argument is belied by the record, which includes an e-mail from defendant's office of academic affairs informing plaintiff that his legal writing section had been changed, and that he should contact the administrative assistant of legal writing, who would provide him with the materials needed to bring him "up to speed" for the spring term. There is no evidence that plaintiff availed himself of this opportunity.

The motion court did not abuse its discretion in declining to enter an unsigned, unverified copy of a transcript of a recorded discussion between plaintiff and his professor (*see e.g. Myers v Polytechnic Preparatory Country Day School*, 50 AD3d 868, 869 [2008]). Concur—Gonzalez, P.J., Moskowitz, Freedman and Román, JJ. **[Prior Case History: 25 Misc 3d 1228(A), 2009 NY Slip Op 52331(U).]**