■ GERALD I. CHEVES, Appellant, v THE TRUSTEES OF COLUMBIA UNIVERSITY, Sued Herein as COLUMBIA UNIVERSITY, Respondent. [931 NYS2d 877]—

Dismissal of the breach of contract cause of action was proper. "The rights and obligations of the parties, as contained in the university's bulletins, bec[o]me a part of the parties' contract," but "only specific promises set forth in a school's bulletins, circulars, and handbooks, which are material to the student's relationship with the school, can establish the existence of an implied contract" (*Keefe v New York Law School*, 71 AD3d 569, 570 [2010] [internal quotation marks and citation omitted]). Here, although the Alumni Relations brochure lists certain benefits and services generally available to alumni, nothing in that document guarantees unfettered, irrevocable access for alumni to the campus or its facilities. Accordingly, even if read broadly, the complaint fails to rely on a specific promise material to plaintiff's relationship with Columbia that has been breached.

The court properly determined that the cause of action sounding in defamation was time-barred (CPLR 215). Contrary to plaintiff's argument, defendant did not "continue[ ]" its allegedly tortious conduct by repeating in the motion to dismiss that plaintiff committed acts of harassment. Statements made in the course of judicial proceedings pertinent to the litigation are privileged (*see Mintz & Gold, LLP v Zimmerman*, 56 AD3d 358, 359 [2008]). Furthermore, there is no support for plaintiff's proposition that the statute of limitations governing actions for defamation is subject to a "continuing tort" exception. Concur—Mazzarelli, J.P., Saxe, DeGrasse and Manzanet-Daniels, JJ.