Matter of Farooqui v Columbia Univ. (2021 NY Slip Op 06037)





Matter of Farooqui v Columbia Univ.


2021 NY Slip Op 06037


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021

Before: Gische, J.P., Mazzarelli, Shulman, Pitt, Higgitt, JJ. 


Index No. 150796/20 Appeal No. 14536 Case No. 2021-00905 

[*1]In the Matter of Anusar Farooqui, Petitioner-Appellant,
v
Columbia University et al., Respondents-Respondents.


Ballon Stoll P.C., New York (Marshall B. Bellovin of counsel), for appellant.
Jackson Lewis P.C., White Plains (Susan D. Friedfel of counsel), for respondents.



Judgment (denominated an order), Supreme Court, New York County (Melissa A. Crane, J.), entered on or about August 27, 2020, denying the petition to annul respondents' determination, dated December 16, 2020, which dismissed petitioner from respondents' PhD program, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Respondents' decision to dismiss petitioner from the PhD program was not arbitrary and capricious, nor did they fail to substantially adhere to their own rules and regulations in reaching their determination (see Kickertz v New York Univ., 110 AD3d 268, 272 [1st Dept 2013], Krysty v State Univ. of New York at Buffalo, 39 AD3d 1220, 1220 [4th Dept 2007], lv denied 9 NY3d 805 [2007]). Respondents rationally concluded that petitioner, who was dismissed from the program primarily because of his teaching performance deficiencies (which rendered him unable to meet the program's requirements), failed to maintain both good academic and administrative standing in the program.
Petitioner fails to state a claim for breach of contract, since the dispute arises out of respondents' subjective professional judgment regarding petitioner's teaching performance (see Matter of Olsson v Board of Higher Educ. of City of N.Y., 49 NY2d 408, 413 [1980]; Keles v Trustees of Columbia Univ., 74 AD3d 435, 435-436 [1st Dept 2010], lv denied 16 NY3d 890 [2011], cert denied 565 US 884 [2011]). In any event, petitioner has not identified any specific promise, either academic or administrative, that respondents breached when they dismissed him in a manner consistent with established university policy (see Keefe v New York Law Sch., 71 AD3d 569, 570 [1st Dept 2010]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 4, 2021