Matter of W.O. v New York Univ. (2024 NY Slip Op 02159)

Matter of W.O. v New York Univ.

2024 NY Slip Op 02159

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Manzanet-Daniels, J.P., Kapnick, Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. 100834/22 Appeal No. 2117 Case No. 2023-03483 

[*1]In the Matter of W.O., Petitioner-Appellant,
v
New York University, et al., Respondents-Respondents.

W.O., appellant pro se.
Swapna Maruri, New York, for respondents.

Judgment (denominated an order), Supreme Court, New York County (Erika M. Edwards, J.), entered January 31, 2023, granting respondents' motion to dismiss the petition to vacate respondents' determination of academic dismissal and to reinstate petitioner to its occupational therapy master's program (OT program), denying the petition and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Respondents' dismissal of petitioner from its OT program based on her failure to meet its academic requirements was not arbitrary and capricious (see Keles v Trustees of Columbia Univ. in the City of N.Y., 74 AD3d 435, 435 [1st Dept 2010], lv denied 16 NY3d 890 [2011], cert denied 565 US 884 [2011]; see also CPLR 7803[3]). To the extent petitioner's dismissal was based on her final grade in a required course, "challenges to a particular grade or academic determination relating to a substantive evaluation of a student's academic capabilities are beyond the scope of judicial review" (Matter of De Jong v Kings County Hosp. Ctr., 27 AD3d 398, 398 [1st Dept 2006]). Moreover, while petitioner clearly faced challenges due to her multiple health issues and learning disability, she acknowledges that she was provided accommodations, including more time to take the exam and a small, proctored room (see Keefe v New York Law School, 71 AD3d 569, 571 [1st Dept 2010]).
Petitioner's due process claims are also unavailing, as she received multiple layers of administrative review and opportunities to submit evidence in support of her appeals (see Matter of Bondalapati v Columbia Univ., 170 AD3d 489, 490 [1st Dept 2019]). A private university such as respondent New York University is not required to provide the "full panoply" of due process rights, such as a hearing, a right to representation, and access to document discovery that included other students' academic records (see id.).
Petitioner's request to have the record in this case sealed is denied (see Mosallem v Berenson, 76 AD3d 345, 348 [1st Dept 2010]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 23, 2024