McCudden v Canisius Coll. (2025 NY Slip Op 01539)

McCudden v Canisius Coll.

2025 NY Slip Op 01539

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

934 CA 23-01865

[*1]CALEB MCCUDDEN, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, PLAINTIFF-APPELLANT-RESPONDENT,
v
CANISIUS COLLEGE, DEFENDANT-RESPONDENT-APPELLANT. 

LEEDS BROWN LAW, P.C., CARLE PLACE (MICHAEL A. TOMPKINS OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.
CULLEN AND DYKMAN LLP, UNIONDALE (NICOLE A. DONATICH OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT.

 Appeal and cross-appeal from an order of the Supreme Court, Erie County (John B. Licata, J.), entered September 7, 2023. The order denied in part and granted in part the motion of defendant to dismiss the amended complaint. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: In the spring of 2020, plaintiff was an undergraduate student at defendant Canisius College (Canisius). On or about March 13, 2020, in response to the COVID-19 pandemic, Canisius ceased all in-person classes and implemented alternative delivery modalities—i.e., remote online classes. The spring 2020 semester ended on or about April 30, 2020. Plaintiff commenced this action, individually and on behalf of a putative class of similarly situated individuals, seeking to recover tuition and mandatory fees paid to Canisius and asserting causes of action for breach of contract, unjust enrichment, and conversion. Canisius moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (1) and (7). Supreme Court granted the motion insofar as it sought to dismiss the breach of contract cause of action to the extent that it sought recovery of tuition and insofar as it sought to dismiss the unjust enrichment and conversion causes of action. The court denied the motion, however, insofar as it sought to dismiss the breach of contract cause of action to the extent that it sought recovery of mandatory fees. As limited by his brief, plaintiff appeals from the order to the extent that it granted the motion with respect to the breach of contract cause of action, as it related to tuition, and with respect to the unjust enrichment cause of action. We note that, inasmuch as plaintiff has not raised on appeal any issue with respect to that part of the order granting the motion insofar as it sought to dismiss his conversion cause of action, he has abandoned any contention with respect thereto (see Smith v Triad Mfg. Group, 255 AD2d 962, 963 [4th Dept 1998]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). As limited by its brief, Canisius cross-appeals from the same order to the extent that it denied the motion with respect to the breach of contract cause of action as it related to mandatory fees. We now affirm.
"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction . . . [and the court will] accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see Falso v Children & Family Servs., 227 AD3d 1466, 1467 [4th Dept 2024]). "At the same time, however, allegations consisting of bare legal conclusions . . . are not entitled to any such consideration . . . Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, [*2]Inc., 29 NY3d 137, 141-142 [2017] [internal quotation marks omitted]).
Plaintiff contends on his appeal that the court erred in granting the motion insofar as it sought to dismiss the breach of contract cause of action to the extent it sought recovery of the tuition he paid to Canisius for the spring 2020 semester. "New York courts have long recognized that the relationship between a university and its students is contractual in nature . . . , and that specific promises set forth in a school's bulletins, circulars and handbooks, which are material to the student's relationship to the school, can establish the existence of an implied contract" (Rynasko v New York Univ., 63 F4th 186, 197 [2d Cir 2023] [internal quotation marks omitted]; see Croce v St. Joseph's Coll. of N.Y., 219 AD3d 693, 695 [2d Dept 2023]; Keefe v New York Law School, 71 AD3d 569, 570 [1st Dept 2010]). Here, however, we reject plaintiff's contention because "the amended complaint contains only conclusory allegations of an implied contract to provide exclusively in-person learning during the spring 2020 semester which are unsupported by any specific promise that is material to" plaintiff's relationship with Canisius (Croce, 219 AD3d at 695 [emphasis added]). We agree with the Second Department that, in this context, the cause of action for breach of contract requires an allegation of "a specific promise to provide the plaintiff with exclusively in-person learning" (id. at 696). The amended complaint also fails to state, in anything more than a conclusory fashion, the manner in which plaintiff's unspecified course of study was impacted by Canisius's shift to remote operations (see id.). As part of his showing that he was promised and deprived of the benefit of in-person education at Canisius, plaintiff alleges that, during the spring 2020 semester, he was specifically scheduled to participate in an internship program through a criminal justice seminar that was scuttled by the shift to remote operations. In our view, however, allegations that plaintiff was promised but could not participate in one internship—even assuming, arguendo, that such a program constituted in-person learning provided by Canisius—does not suffice to show that Canisius promised and failed to provide plaintiff with an exclusively in-person experience that was material to his relationship with the college (see id. at 695-696). This case is markedly different factually from Rynasko, relied on by our dissenting colleagues, where the proposed additional plaintiff—a dance major—was able to state a claim for breach of an implied contract by her university inasmuch as "suspension of in-person services dramatically altered the experience for which [she], as a student majoring in dance, had contracted" (63 F4th at 198-199). Consequently, we conclude that, accepting the allegations in the amended complaint as true and according plaintiff the benefit of every favorable inference (see Leon, 84 NY2d at 87-88), the amended complaint failed to state a cause of action for breach of contract as it pertains to the tuition that plaintiff paid to Canisius.
Respectfully, our dissenting colleagues provide no explanation for their decision to elevate the approach of the Second Circuit's split decision in Rynasko—and its focus on whether a defendant vaguely promised to "provide generally in-person courses" (63 F4th at 198 [emphasis added])—over the Second Department's approach in Croce, which adheres to well-established New York law requiring a specific promise by a defendant to provide exclusively in-person learning (see 219 AD3d at 695-696). In Croce, by citing to Rynasko and yet referring no fewer than three times to exclusively in-person learning, the Second Department implicitly rejected the idea that an implied contract could be established merely by a promise to provide generally in-person courses—i.e., one that was not a sufficiently specific promise to sustain such a claim (see Croce, 219 AD3d at 695-696).
Indeed, the requirement that there be a specific promise is consistent with the broader legal principles of judicial review applicable in the present context, inasmuch as permitting such a cause of action on the basis that there was merely a promise of generally in-person courses necessarily would require courts to parse vague promises in an effort to ascertain the extent and relative value of the education provided by a defendant. That is a task from which the courts of this state have emphatically refrained (see generally Maas v Cornell Univ., 94 NY2d 87, 92 [1999]; Matter of Olsson v Board of Higher Educ. of City of N.Y., 49 NY2d 408, 413 [1980]; Matter of Hansbrough v College of St. Rose, 209 AD3d 1168, 1170-1171 [3d Dept 2022]), even in the cases relied upon by our dissenting colleagues to support the proposition that there may be an implied contract between students and an educational institution (Olsson, 49 NY2d at 414; Matter of Carr v St. John's Univ., N.Y., 17 AD2d 632, 633 [2d Dept 1962], affd 12 NY2d 802 [1962]). As the Second Department recognized in Croce, that same policy of non-interference with, and deference to, the decisions of educational institutions underlies the law's requirement [*3]that, in a cause of action for breach of contract against an educational institution, a specific promise of performance must be alleged (see Croce, 219 AD3d at 695-696; see also Keefe, 71 AD3d at 570). Thus, unlike our dissenting colleagues, we opt to follow the Second Department's approach in Croce as the accurate elucidation of New York law on this issue. We further note that our dissenting colleagues make no effort to distinguish the amended complaint in this case from the operative complaint in Croce. In our view, there is no material difference between the two documents, and therefore, the same result should obtain.
Our dissenting colleagues also assert that "there is no need to give deference to any decision by Canisius." It is precisely, however, the propriety of defendant's decision to cease all in-person learning, as opposed to some or none, that plaintiff seeks to put in issue here, and that the plaintiff sought to do in Croce. Deference to that decision might not be required if plaintiff had alleged, and sought to establish, a specific promise by defendant to provide an exclusively in-person education, but here they merely alleged only a general promise to provide some vague form of in-person education, the precise contours of which would require deference.
Plaintiff also contends on his appeal that the court erred in granting the motion insofar as it sought to dismiss the unjust enrichment cause of action. "Where, as here, the existence of a controlling contract between the parties has not been conceded by the parties or determined by the motion court, the assertion of a cause of action for breach of contract does not preclude a plaintiff from asserting in the alternative a cause of action for unjust enrichment" (Omar v Moore, 171 AD3d 1533, 1534 [4th Dept 2019]). To recover under an unjust enrichment theory, "[a] plaintiff must show that (1) the other party was enriched, (2) at [the plaintiff's] expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011] [internal quotation marks omitted]; see Columbia Mem. Hosp. v Hinds, 38 NY3d 253, 275 [2022]). Here, we conclude that the amended complaint contains only conclusory allegations that Canisius's decision to cease in-person operation in favor of remote operations saved it any money (see Croce, 219 AD3d at 697; see generally Mandarin Trading Ltd., 16 NY3d at 183; City of Olean v New York State Envtl. Facilities Corp., 213 AD2d 1018, 1020 [4th Dept 1995]). Indeed, as the amended complaint acknowledges, Canisius provided in-person education for the earlier portion of the spring 2020 semester and, thereafter, did provide virtual services to its students until the semester's end. Consequently, we conclude that the facts as alleged by plaintiff fail to demonstrate that Canisius was unjustly enriched at plaintiff's expense (see Croce, 219 AD3d at 697).
On its cross-appeal, Canisius contends that the court erred in denying its motion to the extent that it sought to dismiss the breach of contract cause of action with respect to the mandatory fees that plaintiff seeks to recover. Canisius contends that the amended complaint failed to allege a specific promise that those fees would be designated to in-person programs, rather than remote operations. According to the amended complaint, the mandatory fees included, inter alia, a "[c]ollege [f]ee" that supplied "partial support for the library, athletic facilities use, ID card, transportation, graduation, and transcripts," a "[t]echnology [f]ee" that supplied "partial support for classroom technology and on-line student services," and a "[w]ellness [f]ee" that supplied funds "used for operating expenses in the Student Health and Student Counseling Center." Even assuming that some of the services provided by some of those fees could be provided virtually, we conclude that some of the services, as pleaded, could only be provided through in-person operation. In short, the amended complaint, insofar as it pertains to the alleged breach of implied contract based on the mandatory fees, was not "devoid of allegations as to what services were owed by [Canisius] in exchange for those fees" (Croce, 219 AD3d at 696). Consequently, we conclude that the court did not err in denying Canisius's motion to that limited extent.
We have reviewed the parties' remaining contentions and conclude that none warrants reversal or modification of the order.
All concur except Whalen, P.J., and Greenwood, J., who dissent in part and vote to modify in accordance with the following memorandum: We respectfully dissent in part. Plaintiff was an undergraduate student at defendant Canisius College (Canisius) in the spring of 2020 when, in response to the COVID-19 pandemic, Canisius ceased all in-person classes and operations and transitioned to online-only distance learning through at least the end of the spring [*4]semester. Canisius did not refund any amount of the tuition or mandatory fees. Plaintiff commenced this action on behalf of himself and others similarly situated seeking to recover tuition and mandatory fees he paid to Canisius based on theories of breach of contract, unjust enrichment, and conversion. Canisius moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (1) and (7). Supreme Court denied the motion insofar as it sought dismissal of the breach of contract cause of action to the extent that it sought to recover mandatory fees but otherwise granted the motion. Plaintiff now appeals and Canisius cross-appeals.
We agree with the majority that plaintiff abandoned his conversion cause of action and that Canisius's contention in its cross-appeal that the court erred to the extent that it denied the motion is without merit. We agree with plaintiff, however, that the court erred in granting that part of the motion seeking dismissal of the breach of contract cause of action to the extent that it sought to recover tuition and that part of the motion seeking dismissal of the unjust enrichment cause of action, and we would modify the order accordingly.
"On a motion to dismiss for failure to state a cause of action under CPLR 3211 (a) (7), [w]e accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141 [2017] [internal quotation marks omitted]; see Burns v C.R.B. Holdings, Inc., 229 AD3d 1084, 1084-1085 [4th Dept 2024]). "Whether a plaintiff can ultimately establish [their] allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38 [2018]).
New York courts have acknowledged that in certain circumstances an implied contract exists between a college and its students (see Matter of Olsson v Board of Higher Educ. of City of N.Y., 49 NY2d 408, 414 [1980]; Matter of Carr v St. John's Univ., N.Y., 17 AD2d 632, 633 [2d Dept 1962], affd 12 NY2d 802 [1962]). Generally, "the existence of an implied contract is a question of fact" (Shapira v United Med. Serv., 15 NY2d 200, 210 [1965]).
In the amended complaint, plaintiff alleges that Canisius highlighted on its website and in marketing materials, advertisements, the course catalog, and other documents that in-person and on-campus educational services were invaluable to plaintiff's educational experience, and that he paid tuition for the benefit of those in-person and on-campus services. For example, plaintiff alleges that Canisius's website touted the college's immersive learning experience by stating that "academic rigor is strengthened through meaningful, hands-on learning." Plaintiff registered for classes that were to be taught in person and on campus, not online, and alleges that he would not have paid as much tuition had he known that the classes would not be taught in person. One class that plaintiff registered for was a criminal justice internship that provided the "[o]pportunity for selected students to participate in daily work of law enforcement agencies, courts, law firms, and social agencies." When in-person classes ceased, students like plaintiff were also denied access to facilities such as libraries, laboratories, computer labs, and study rooms. Plaintiff alleges that the remote learning deprived students like him of the opportunity for collaborative learning and in-person dialogue, feedback, and critique and denied access to activities offered by campus life.
We agree with plaintiff that the allegations of the amended complaint are sufficient to state a cause of action for breach of an implied contract to the extent that it sought to recover tuition. Plaintiff alleges in the amended complaint that Canisius breached the implied contract by failing to provide the promised in-person and on-campus live education. We conclude that "a reasonable factfinder could find that [Canisius] impliedly agreed to provide students in-person services" (Rynasko v New York Univ., 63 F4th 186, 197 [2d Cir 2023]). The implied contract stems from Canisius's marketing, course catalog, and other materials (see Keefe v New York Law School, 71 AD3d 569, 570 [1st Dept 2010]; Vought v Teachers Coll., Columbia Univ., 127 AD2d 654, 655 [2d Dept 1987]), which would support a finding that Canisius had "a general obligation to provide in-person courses, activities, services, and facilities" (Rynasko, 63 F4th at 197).
We disagree with the majority's view that the amended complaint contains only conclusory allegations and its reliance on Croce v St. Joseph's Coll. of N.Y. (219 AD3d 693, 695 [2d Dept 2023]) in determining that here a breach of contract cause of action requires a specific [*5]promise to provide plaintiff with exclusively in-person learning. Rather, we agree with the Second Circuit that there need only be an implied contract to "provide generally in-person courses" (Rynasko, 63 F4th at 198 [emphasis added]). The majority criticizes our reliance on Rynasko, but we do not share the majority's view that Rynasko is factually distinguishable and legally inaccurate under New York law.
First, the majority concludes that this case is "markedly different factually" from the student at issue in the relevant part of Rynasko, who was a dance major. Certainly the Second Circuit pointed out that the student at issue in Rynasko had a unique need to access in-person instruction (see id. at 198-199), but a careful reading of the entirety of the majority opinion in Rynasko supports the conclusion that the student's chosen major was not determinative of whether a cause of action for breach of contract was stated (see id. at 197-201). This reading is borne out by subsequent decisions of courts that followed the holding of Rynasko and determined that various students had stated a cause of action for breach of contract, without relying on the particulars of the student's chosen major, if any (see e.g. Yodice v Touro Coll. & Univ. Sys., 2024 WL 3466546, *2, 2024 US App LEXIS 17775, *4 [2d Cir 2024]; Meng v New Sch., 686 FSupp3d 312, 317-318 [SD NY 2023]; Carstairs v University of Rochester, 2023 WL 12007543, *9-10, 2023 US Dist LEXIS 245582, *22-24 [WD NY 2023]).
Second, the Second Circuit in Rynasko was applying New York law in its thoughtful, well-reasoned, and thorough decision. The court accurately stated that, under New York law, an implied contract may be formed between a student and a school based on the school's bulletins, circulars, and handbooks (63 F4th at 197, citing Keefe, 71 AD3d at 570) and that the existence of an implied contract is a question of fact (id. at 198, citing Shapira, 15 NY2d at 210). In our view, the majority mischaracterizes the Second Circuit in stating that the court determined that a mere "vague" promise made by a school regarding in-person learning would be sufficient to state a cause of action for breach of contract.
The majority chooses to follow the Second Department's approach in Croce because, in the majority's view, the Croce court "adheres to well-established New York law requiring a specific promise by a defendant to provide exclusively in-person learning." We disagree that there is such "well-established" law in this state. Indeed, only the court in Croce has required an allegation of a promise of exclusively in-person learning, and we conclude that such a requirement is unduly restrictive, particularly in the procedural posture of a motion to dismiss. Moreover, the crux of the decision in Croce is that the amended complaint in that case was infirm because it was based on "only conclusory allegations" (219 AD3d at 695), and we conclude that the allegations in the amended complaint in this case consist of more than " 'bare legal conclusions' " and include "factual allegations and inferences to be drawn from them" that state a cause of action for breach of contract (Connaughton, 29 NY3d at 141-142).
The majority believes that allowing plaintiff to assert a cause of action for breach of contract on the ground of a promise to provide generally in-person learning "necessarily would require courts to parse vague promises in an effort to ascertain the extent and relative value of the education provided by a defendant. That is a task from which the courts of this state have emphatically refrained." As noted earlier, generally, "the existence of an implied contract is a question of fact" (Shapira, 15 NY2d at 210), and thus it would be for a jury to examine Canisius's marketing, course catalog, and other materials to determine whether there was an implied promise to provide students with in-person learning.
Further, we disagree with the majority's reliance on cases in which courts have shown deference to educational institutions inasmuch as those cases are not at all similar to the facts of this case. In Maas v Cornell Univ. (94 NY2d 87 [1999]), a professor commenced a breach of contract action regarding the university's alleged failure to follow the procedures it had promulgated and used for resolution of sexual harassment claims brought by students against him (id. at 90). In Olsson, a student commenced a CPLR article 78 proceeding to compel the college to award him a diploma after a dispute over an examination score (Olsson, 49 NY2d at 412). In Matter of Hansbrough v College of St. Rose (209 AD3d 1168 [3d Dept 2022]), professors commenced a hybrid CPLR article 78 proceeding and breach of contract action after programs and their positions were eliminated (Hansbrough, 209 AD3d at 1169-1170). In Keefe, a student commenced a breach of contract action seeking to require the law school to change its grading system from letter grades to pass/fail (71 AD3d at 570). Although deference was given to the [*6]academic institutions in those cases regarding internal administrative decisions (Maas, 94 NY2d at 92; Hansbrough, 209 AD3d at 1170-1171) and a student's academic qualifications and performance (Olsson, 49 NY2d at 413; Keefe, 71 AD3d at 570), here there is no need to give deference to any decision by Canisius.
Regarding the cause of action for unjust enrichment, we further agree with plaintiff that the allegations of the amended complaint are sufficient to state a cause of action for unjust enrichment. Plaintiff alleges that Canisius assessed plaintiff with tuition that covered the cost of upkeep and maintenance of its facilities and services, yet failed to provide plaintiff and class members access to any on-campus facility during the relevant period. Contrary to the majority's determination, we conclude that plaintiff's allegations consist of more than " 'bare legal conclusions' " and do not fail to assert "facts in support of an element of the claim" (Connaughton, 29 NY3d at 141-142).
In sum, we conclude that the pleading here "meets [the] minimal standard necessary to resist dismissal of a complaint" (Armstrong v Simon & Schuster, 85 NY2d 373, 379 [1995]).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court