This opinion is uncorrected and subject to revision before
publication in the New York Reports.
--------------------------------------------------------------------

No. 46
Kyle Connaughton,
          Appellant,
      v.
Chipotle Mexican Grill, Inc.,
et al.,
          Respondents.

Daniel J. Kaiser, for appellant.
Jean-Claude Mazzola, for respondents.

RIVERA, J.:

Plaintiff Kyle Connaughton appeals, as limited by his brief, from an Appellate Division order affirming the dismissal of his complaint under CPLR 3211(a)(7) for failure to state a cause of action for fraudulent inducement against defendants

- 1 -

Chipotle Mexican Grill and its Chief Executive Officer, Steven Ells.  We affirm because plaintiff failed to adequately plead compensable damages.

I.

Plaintiff is a well-known chef who, prior to his employment with Chipotle, was developing a concept for a ramen restaurant chain.  Plaintiff prepared a business plan and actively pursued potential buyers until Ells showed interest in the concept.  Plaintiff then turned his efforts to developing ideas specifically for Chipotle's restaurant platform.  Thereafter, Ells offered to purchase the concept, and plaintiff, with the assistance of legal counsel, negotiated an agreement whereby he would work on the restaurant design for Chipotle with the title of Culinary Director based out of New York City.

The agreement expressly states that plaintiff's employment was at-will, and that both plaintiff and Chipotle had the right to terminate the contract at any time without notice or cause.  The agreement details plaintiff's compensation.  Chipotle agreed to pay plaintiff an annual salary of $150,000, and monthly car and housing allowances totaling $2,700.  Plaintiff was also eligible for a merit bonus, increased salary, and a defined number of shares in Chipotle stock, which vested based on years of uninterrupted employment.  Some stocks were scheduled to vest after two years, and another set would vest after plaintiff

reached his three-year anniversary with Chipotle.

Plaintiff diligently worked to develop the ramen restaurant concept with Chipotle, and traveled widely to perfect his ideas and to purchase equipment and proprietary systems. In preparation for the launch of the flagship restaurant, Chipotle promoted the hiring of plaintiff as its new high-level chef. Plaintiff appeared in various widely-circulated and noted publications, spoke to journalists, and attended Chipotle-sponsored events to help market Chipotle restaurant brands.

All seemed to be going well and, in accordance with the agreement, plaintiff received his annual salary, monthly allowances, a first year-end bonus, and first set of vested stock. It appeared that defendants were on schedule to launch the restaurant in New York City by the end of plaintiff's third year of employment. However, things took a very different turn.

While plaintiff was working on staffing for the new restaurant, he learned from Chipotle's Chief Marketing Officer (CMO) that Ells had a non-disclosure agreement (NDA) with another well-known chef, who previously worked with defendants on a ramen restaurant concept, similar in both purpose and design to the one defendants contracted plaintiff to develop. The prior project fell apart when that chef and defendants failed to agree on financial terms. Defendants remained subject to the NDA with the other chef. Chipotle's CMO confided in plaintiff that the chef would sue under the NDA if Chipotle opened the ramen restaurant.

Plaintiff further alleged that defendants converted, without authorization, the other chef's design for what became the Washington, D.C. flagship restaurant for one of Chipotle's other brands.

When plaintiff confronted Ells about the NDA, Ells told him to continue with the work on the ramen restaurant, but plaintiff refused. Soon thereafter, Ells fired plaintiff.

As relevant to this appeal, plaintiff sued defendants for fraudulent inducement.[1] Plaintiff claimed that by virtue of his reasonable reliance on Ells' omissions about the business arrangement with the other chef, defendants fraudulently induced him to work for Chipotle and to share his restaurant concept to his detriment. He alleged that he would not have entered into the agreement with defendants had he known about the prior business arrangement. He further asserted that the ideas the Chipotle staff contributed to plaintiff's design for the restaurant concept actually belonged to the other chef, and that using those ideas to launch plaintiff's project would subject plaintiff to legal action. Plaintiff claimed he was "damaged in an amount to be determined at trial, including, but not limited to, the value of his Chipotle equity and lost business opportunities in connection with his ramen concept." He further

---

[1] Plaintiff also alleged a cause of action for unjust enrichment against Chipotle for its failure to compensate him for his restaurant concept. Plaintiff does not challenge the dismissal of this cause of action on appeal to our Court.

requested compensatory and punitive damages in amounts to be determined at trial, as well as attorneys fees and disbursements.

Defendants moved to dismiss the complaint under CPLR 3211(a)(1) based on the documentary evidence that established plaintiff's at-will employment status, and under 3211(a)(7) for failure to state a cause of action. Defendants argued, in part, that a cause of action for fraudulent inducement may be maintained only where a party has suffered out-of-pocket pecuniary loss, not, as in plaintiff's case, where damages are speculative or consist of lost business opportunities.

Supreme Court granted the motion and the Appellate Division affirmed with two justices dissenting (135 AD3d 535 [1st Dept 2016]). The majority held that plaintiff's damages were speculative and the facts alleged did not support an inference of calculable damages. The dissent concluded that because the pleading must be construed liberally and damages need not be proven during the pleading stage, the case should proceed to discovery to allow plaintiff to accumulate evidence of a pecuniary loss. The dissent also maintained that, if successful, plaintiff would be entitled to nominal damages (135 AD3d at 546-547 [Saxe, J., dissenting]).

Plaintiff appealed to this Court as of right under CPLR 5601 (a), based on the two-justice dissent on a question of law. We now affirm.

II.

On a motion to dismiss for failure to state a cause of action under CPLR 3211 (a)(7), "[w]e accept the facts as alleged in the complaint as true, accord plaintiff[] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). "At the same time, however, allegations consisting of bare legal conclusions . . . are not entitled to any such consideration" (Simkin v Bank, 19 NY3d 46, 52 [2012] [internal quotation marks omitted]). Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery (see e.g. Basis Yield Alpha Fund (Master) v Goldman Sachs Group, Inc., 115 AD3d 128, 134 [1st Dept 2014]; see also John R. Higgitt, Practice Commentaries, CPLR § 3211 ["(T)he (CPLR 3211[a][7]) motion is useful in disposing of actions . . . in which the plaintiff has identified a cognizable cause of action but failed to assert a material allegation necessary to support the cause of action."]).

To allege a cause of action based on fraud, plaintiff must assert "a representation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material

omission and injury" (Lama Holding Co. v Smith Barney Inc., 88
NY2d 413, 421 [1996] [internal citation omitted]).  Critically,

> "[a] false representation does not, without more, give
> rise to a right of action, either at law or in equity,
> in favor of the person to whom it is addressed. To give
> rise, under any circumstances, to a cause of action,
> either in law or equity, reliance on the false
> representation must result in injury . . . . If the
> fraud causes no loss, then the plaintiff has suffered
> no damages" (Sager v Friedman, 270 NY 472, 480-481
> [1936]).

In New York, as in multiple other states, "'[t]he true
measure of damage is indemnity for the actual pecuniary loss
sustained as the direct result of the wrong' or what is known as
the 'out-of-pocket' rule" (Lama Holding, 88 NY2d at 421, quoting
Reno v Bull, 226 NY 546, 553 [1919]).  Under that rule,
"[d]amages are to be calculated to compensate plaintiffs for what
they lost because of the fraud, not to compensate them for what
they might have gained . . . . [T]here can be no recovery of
profits which would have been realized in the absence of fraud"
(id. at 421, citing Foster v Di Paolo, 236 NY 132 [1923], AFA
Protective Sys. v American Tel. & Tel. Co., 57 NY2d 912 [1982],
and Cayuga Harvester, Inc. v Allis-Chalmers Corp., 95 AD2d 5 [4th
Dept 1983]).  Moreover, this Court has "consistent[ly] refus[ed]
to allow damages for fraud based on the loss of a contractual
bargain, the extent, and indeed . . . the very existence of which
is completely undeterminable and speculative" (Dress Shirt Sales
v Hotel Martinique Assocs., 12 NY2d 339, 344 [1963]).

Here, plaintiff's pleading is fatally deficient because

he did not assert compensable damages resulting from defendants' alleged fraud. The complaint alleges that in reliance on defendants' fraudulent omissions, plaintiff stopped soliciting potential buyers. However, the complaint fails to allege that, in doing so, he rejected another prospective buyer's offer to purchase the concept. Instead, plaintiff avers that once Ells showed an interest in his ramen restaurant idea, plaintiff turned to selling the concept to Chipotle. These are factual assertions of the quintessential lost opportunity, which are not a recoverable out-of-pocket loss (see Lama Holding, 88 NY2d at 422). As this Court has repeatedly stated, such damage is "disallowed as too speculative a recovery" (Dress Shirt Sales, 12 NY2d at 344; see also Lama Holding, 88 NY2d at 422).

Similarly inadequate to satisfy his pleading burden are plaintiff's allegations that he might incur litigation expenses and potential loss of reputation if named in a civil action by the other chef. These are not claims of actual out-of-pocket loss but speculative claims of possible future damages, and fare no better than his lost profits claim. There are also no facts alleged in the complaint to support allegations of reputational harm. For example, plaintiff did not assert or provide facts from which it could be inferred that he lost standing within the restaurant industry, or that he is unemployable as a result of his association with Chipotle.

Nor is plaintiff entitled to nominal damages under this

Court's holding in Kronos, Inc. v AVX Corp. (81 NY2d 90, 95
[1993]).  In that case, the Court explained that while nominal
damages are typically available in a contracts case to vindicate
a party's contractual rights, nominal damages are only available
in tort actions to "protect an important technical right" (id. at
96, quoting Note, Damages Recoverable in an Action for Inducing
Breach of Contract, 30 Colum L Rev 232, 238 [1930] [internal
quotation marks omitted]). Nominal damages are not available when
actual harm is an element of the tort (Restatement [Second] of
Torts § 907; accord 16 NY Practice Series, NY Law of Torts §§
1:74, 21:2 [2016]). Conversely, nominal damages may be available
in an intentional tort case where the plaintiff need not allege
harm to maintain an action against defendant (see Kronos, 81 NY2d
at 95 [explaining that nominal damages are available for
trespass, which does not require a showing of harm]).  Since
actual harm is an element of fraudulent inducement (see Eurycleia
Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]),
and there is no compelling reason to carve out an exception for
such cause of action, as a general matter or specifically in this
case, plaintiff is not entitled to nominal damages.[2]

        Contrary to plaintiff's argument, under the

_____

        [2] Based on our conclusion that the cause of action was
properly dismissed because plaintiff failed to plead compensable
damages, we have no reason to address defendants' alternative
argument that plaintiff's at-will status bars his action for
fraudulent inducement against his former employer.

circumstances of this case, discovery is not warranted because the defect in the pleading is with plaintiff's inability to recover for the alleged injury.  "The mere hope that discovery might provide some factual support for a cause of action is insufficient to avoid dismissal of a patently defective cause of action" (Mandarin Trading Ltd. v Wildenstein, 65 AD3d 448, 451 [1st Dept 2009] [internal citations omitted]).  To the extent plaintiff claims that discovery will provide proof that defendants' fraud caused him to forgo offers from other potential purchasers of his ramen restaurant concept, no amount of discovery will transform these "undeterminable and speculative" lost opportunities from noncompensable damages to out-of-pocket losses (see Lama Holding, 88 NY2d at 421-422).

## III.

Here, "accept[ing] the facts as alleged in the complaint as true, and accord[ing] plaintiff[] the benefit of every possible favorable inference," plaintiff failed to plead a cause of action for fraudulent inducement (see Leon, 84 NY2d at 87-88).  Plaintiff did not allege any out-of-pocket loss, and he did not otherwise plead a recoverable harm.  We may not read into his allegations a claim for cognizable damages, which he did not actually incur, under the guise of liberally construing the complaint.  Therefore, the order of the Appellate Division, in so far as appealed from, should be affirmed, with costs.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order, insofar as appealed from, affirmed, with costs.  Opinion
by Judge Rivera.  Chief Judge DiFiore and Judges Stein, Fahey and
Wilson concur.  Judge Garcia took no part.


Decided May 2, 2017