Enrique Reid, Appellant,
against
Bainbridge Residence, LLC, C & S Realty Management, LLC, Respondents, and Kavulich & Associates, Defendant.




Enrique Reid, appellant pro se.
Kavulich & Associates, P.C., for respondents (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Richard Montelione, J.), entered May 2, 2016. The order granted defendants' motion to dismiss the complaint.




ORDERED that the order is modified by vacating so much thereof as granted the branch of defendants' motion seeking to dismiss so much of the complaint as is against defendant Kavulich & Associates and that branch of defendants' motion is denied as academic; as so modified, the order is affirmed, without costs.
This action to recover the principal sum of $25,000 was originally brought only against defendant Kavulich & Associates (Kavulich). By order of the Civil Court (Pamela L. Fisher, J.) entered September 21, 2015, a motion by plaintiff was granted to the extent of permitting plaintiff to amend the complaint to add Bainbridge Residence LLC (Bainbridge) and C & S Realty Management, LLC (C & S) as defendants. In papers he filed with the court, plaintiff indicated that, after he had moved to California, defendants had damaged his credit; that defendant Kavulich had provided legal representation either to one of the other defendants or to plaintiff's credit company; and that, due to damage to his credit, plaintiff had been deprived of the opportunity to purchase two acres of land in California.
By order entered October 27, 2015, the Civil Court (Noach Dear, J.) dismissed so much of the complaint as was against defendant Kavulich. Apparently due to an administrative error, the action remained on the calendar with respect to defendant Kavulich despite that dismissal. Thereafter, all three defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) and (8), and, by order entered May 2, 2016, the Civil Court (Richard Montelione, J.) granted that motion. 
In light of the October 27, 2015 order, the branch of defendants' motion seeking to dismiss so much of the complaint as was against defendant Kavulich should have been denied as [*2]academic.
On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the complaint is liberally construed, the plaintiff is accorded the benefit of every favorable inference, factual submissions made in opposition to the motion to dismiss are considered, and the court only seeks to determine whether the facts as alleged fit within any cognizable legal theory (see Minovici v Belkin BV, 109 AD3d 520, 521-522 [2013]). Dismissal is nevertheless warranted where the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery. Here, plaintiff alleges, in effect, that, by reason of defendants' actions, he lost an opportunity to make an advantageous investment: a species of damage which is too speculative to support a recovery (see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142-143 [2017]). Under the circumstances, the Civil Court properly dismissed the complaint as against the remaining defendants.
We reach no other issue.
Accordingly, the order is modified by vacating so much thereof as granted the branch of defendants' motion seeking to dismiss so much of the complaint as is against defendant Kavulich & Associates and that branch of defendants' motion is denied as academic.
WESTON, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 03, 2017