Global Granite Sales Corp. v Sabovic (2018 NY Slip Op 07414)





Global Granite Sales Corp. v Sabovic


2018 NY Slip Op 07414


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-00365
 (Index No. 5813/04)

[*1]Global Granite Sales Corporation, plaintiff-appellant,
v
Hasim Sabovic, defendant third-party plaintiff-respondent; Mondo Pallon, etc., et al., third-party defendants-appellants.


Seon J. Lee, New York, NY, for plaintiff-appellant and third-party defendants-appellants (one brief filed).
Peter Wessel, New York, NY, for defendant third-party plaintiff-respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for tortious interference with business operations and fraud, the plaintiff and the third-party defendants appeal from a judgment of the Supreme Court, Dutchess County (Peter M. Forman, J.), dated December 1, 2015. The judgment, after a nonjury trial, is in favor of the defendant third-party plaintiff and against the plaintiff and the third-party defendants in the principal sum of $165,597.43.
ORDERED that the judgment is affirmed, with costs.
This appeal arises from a dispute concerning the plaintiff, Global Granite Sales Corporation (hereinafter Global Granite), which is a stone fabrication business. Although the underlying facts were disputed at trial, only the award of damages is at issue on appeal.
Following a nonjury trial, the Supreme Court found the following facts were established. The defendant third-party plaintiff, Hasim Sabovic, had entered into an oral agreement with nonparty Agim Avdyli and third-party defendant Mondo Pallon to become business partners in Global Granite. Sabovic and Avdyli were long-standing partners in a tile and marble business in the Bronx, Adria Tile, Inc. (hereinafter Adria Tile). Global Granite would operate in Dutchess County. Under the agreement, Adria Tile would receive 50% of all sales proceeds in order to cover the cost of purchasing, fabricating, and installing the granite or stone fixtures, and the remaining 50% of the proceeds would be divided equally among the three partners. Pallon incorporated Global Granite, as planned, but he had all of the stock shares for the business issued in his name.
Pallon handled Global Granite's day-to-day affairs, Avdyli was responsible for the initial fabrication and installation, and Sabovic funded Global Granite through Adria Tile and purchased certain equipment for Global Granite. Avdyli, Adria Tile, and Sabovic all performed under the agreement, funding Global Granite's operations, purchasing supplies, and performing certain work for Global Granite's jobs. Pallon, or someone affiliated with him, collected all payments for work performed by Global Granite, but Adria Tile, Avdyli, and Sabovic were not reimbursed for their expenses and work performed. Further, Adria Tile, Avdyli, and Sabovic did not [*2]receive any profits from Global Granite, even though its tax return indicated that certain profits were earned.
In December 2004, Sabovic arrived at Global Granite's offices unannounced and noticed that certain equipment was being used by Pallon's crew without Sabovic's knowledge or permission, and he saw receipts for jobs about which he had not been informed. Sabovic asked Pallon for a meeting and to review Global Granite's bank accounts, and Pallon refused.
Pallon commenced this action in the name of Global Granite against Sabovic, alleging that Sabovic was discharged as an officer of Global Granite and subsequently broke into Global Granite's business premises, damaged various equipment, and threatened employees. Avdyli and Adria Tile assigned all of their interest with respect to any claims against Global Granite to Sabovic. Sabovic then commenced a third-party action against Pallon and a number of his alleged business entities (hereinafter collectively the Pallon defendants), seeking to recover damages for, among other things, fraud. All of the causes of action in the complaint were dismissed, and the case proceeded to a nonjury trial on certain counterclaims advanced by Sabovic in his answer to the complaint and certain causes of action in the third-party complaint, including the one to recover damages for fraud.
Following trial, the Supreme Court concluded that Sabovic had established his fraud cause of action in that Pallon had made several false representations of material fact to Sabovic and Avdyli in order to induce their reliance, and they relied on those misrepresentations during their business dealings with Pallon, to their detriment, and suffered damages as a result. The court awarded damages in the principal sum of $165,597.43, which represented the share of profits Sabovic, Avdyli, and Adria Tile would have received if the agreement had been honored. The plaintiff and the Pallon defendants appeal, arguing that the court erred in its calculation of damages.
"The true measure of damage is indemnity for the actual pecuniary loss sustained as the direct result of the wrong" (Reno v Bull, 226 NY 546, 553), or what is known as the "out-of-pocket" rule (see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142; Lama Holding Co. v Smith Barney, 88 NY2d at 421; Hanlon v Macfadden Publs., 302 NY 502). Under this rule, the loss is computed by ascertaining the "difference between the value of the bargain which a plaintiff was induced by fraud to make and the amount or value of the consideration exacted as the price of the bargain" (Sager v Friedman, 270 NY 472, 481; see Continental Cas. Co. v PricewaterhouseCoopers, LLP, 15 NY3d 264, 271; Lama Holding Co. v Smith Barney, 88 NY2d at 421). Damages are to be calculated to compensate plaintiffs for what they lost because of the fraud, not to compensate them for what they might have gained (see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d at 142; Continental Cas. Co. v PricewaterhouseCoopers, LLP, 15 NY3d at 271; Lama Holding Co. v Smith Barney, 88 NY2d at 421). Under the out-of-pocket rule, there can be no recovery of profits which would have been realized in the absence of fraud (see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d at 142; Lama Holding Co. v Smith Barney, 88 NY2d at 421; AFA Protective Sys. v American Tel. & Tel. Co., 57 NY2d 912; Foster v Di Paolo, 236 NY 132, 134).
We disagree with the Supreme Court's calculation of damages on the fraud cause of action based upon the share of the profits that would have been received in the absence of the fraud. However, contrary to the appellants' contention, they are not entitled to a reduction in the award of damages. In the findings of fact in its decision and order after trial, the court found that Sabovic, Avdyli, and Adria Tile had expended certain amounts in furtherance of Global Granite's business, believing that they were in a partnership with Pallon and would be compensated in accordance with the agreement. The evidence at trial established that the actual out-of-pocket losses by Sabovic, Avdyli, and Adria Tile as a result of the fraud exceeded the principal sum of $165,597.43 that was awarded to them in the judgment appealed from. Thus, while the court below did not base its award of damages on the proven out-of-pocket losses, the appellants are not entitled to a reduction in the award of damages. We decline to address Sabovic's request to upwardly modify the award of damages, "since, as a general rule, relief on appeal may not be afforded to a nonappealing party" (Piquette v City of New York, 4 AD3d 402, 404; see Mans Constr. Oversite, Ltd. v City of Peekskill, 114 AD3d 911, 912; Liberty Mut. Fire Ins. Co. v National Cas. Co., 90 AD3d 859, 861; Matter of [*3]Scomello v Scomello, 260 AD2d 483, 485).
MASTRO, J.P., SGROI, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court