Southwestern Invs. Group, LLC v JH Portfolio Debt Equities, LLC (2019 NY Slip Op 01035)





Southwestern Invs. Group, LLC v JH Portfolio Debt Equities, LLC


2019 NY Slip Op 01035


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND TROUTMAN, JJ.


1270 CA 18-00901

[*1]SOUTHWESTERN INVESTORS GROUP, LLC, PLAINTIFF-RESPONDENT,
v
JH PORTFOLIO DEBT EQUITIES, LLC, DEFENDANT, DARREN TURCO AND JACOB ADAMO, DEFENDANTS-APPELLANTS, 






PHILLIPS LYTLE LLP, BUFFALO (SEAN C. MCPHEE OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
COOLIGAN LAW LLP, BUFFALO (KEVIN T. O'BRIEN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered January 4, 2018. The order, insofar as appealed from, denied in part the motion of defendants Darren Turco and Jacob Adamo to dismiss plaintiff's amended complaint against them. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the amended complaint is dismissed against defendants Darren Turco and Jacob Adamo.
Memorandum: Plaintiff, a debt buying company, commenced this action alleging, inter alia, that Darren Turco and Jacob Adamo (defendants) fraudulently induced it to purchase additional debt portfolios pursuant to its agreements with a third party by misrepresenting the terms of the financing arrangement secured by defendants to facilitate the purchase of such portfolios. Defendants appeal from an order that, inter alia, denied those parts of their pre-answer motion pursuant to CPLR 3211 (a) (7) seeking to dismiss the second and seventh causes of action sounding in fraudulent inducement. We reverse the order insofar as appealed from.
"On a motion to dismiss for failure to state a cause of action under CPLR 3211 (a) (7), [w]e accept the facts as alleged in the complaint as true, accord plaintiff[] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141 [2017], quoting Leon v Martinez, 84 NY2d 83, 87-88 [1994]). "To allege a cause of action based on fraud, plaintiff must assert a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury' " (id. at 142, quoting Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]). " The true measure of damage is indemnity for the actual pecuniary loss sustained as the direct result of the wrong' or what is known as the out-of-pocket' rule" (Lama Holding Co., 88 NY2d at 421, quoting Reno v Bull, 226 NY 546, 553 [1919]; see Connaughton, 29 NY3d at 142). "Under this rule, the loss is computed by ascertaining the difference between the value of the bargain which . . . plaintiff was induced by fraud to make and the amount or value of the consideration exacted as the price of the bargain' " (Lama Holding Co., 88 NY2d at 421, quoting Sager v Friedman, 270 NY 472, 481 [1936]).
Here, we conclude that, even as supplemented by the affidavit of plaintiff's president (see Sargiss v Magarelli, 12 NY3d 527, 531 [2009]), "plaintiff's pleading is fatally deficient because [it] did not assert compensable damages resulting from defendants' alleged fraud" [*2](Connaughton, 29 NY3d at 143). With respect to the purchase of the subject portfolios, plaintiff received an interest therein worth more than the amount of its alleged investment (see Lama Holding Co., 88 NY2d at 422). Further, contrary to plaintiff's contention, the allegation that it lost the enhanced collections on the portfolios that defendants purportedly told it that it could receive under the terms of the financing arrangement is a "quintessential lost opportunity, which is not a recoverable out-of-pocket loss" (Connaughton, 29 NY3d at 143; see Kensington Publ. Corp. v Kable News Co., 100 AD2d 802, 803 [1st Dept 1984]). "Damages are to be calculated to compensate plaintiff[] for what [was] lost because of the fraud, not to compensate . . . for what . . . might have [been] gained . . . [T]here can be no recovery of profits which would have been realized in the absence of fraud" (Lama Holding Co., 88 NY2d at 421). Plaintiff's remaining allegations do not assert compensable damages resulting from defendants' alleged fraud (see generally Connaughton, 29 NY3d at 143; Lama Holding Co., 88 NY2d at 422).
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court