Goldberg v Torim (2020 NY Slip Op 01561)





Goldberg v Torim


2020 NY Slip Op 01561


Decided on March 5, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2020

Richter, J.P., Oing, Moulton, González, JJ.


11213 151425/18

[*1] David Goldberg, Plaintiff-Appellant,
v
Shloime Torim, Defendant-Respondent.


Law Offices of Jonathan E. Neuman, Fresh Meadows (Jonathan E. Neuman of counsel), for appellant.
Cohen Labarbera & Landrigan LLP, Chester (Philip C. Landrigan of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about January 4, 2019, which, to the extent appealed from as limited by the briefs, upon granting defendant's motion to vacate his default, granted defendant's motion to dismiss plaintiff's fraud and breach of fiduciary duty claims, pursuant to CPLR 3211(a)(7), unanimously affirmed, without costs.
Defendant's motion to dismiss under CPLR 3211(a)(7) for failure to state a cause of action was properly decided by the motion court, as such motion may be made at any time (see CPLR 3211(e); see e.g. McMahon v Cobblestone Lofts Condominium, 161 AD3d 536 [1st Dept 2018]).
Plaintiff's complaint alleges, in conclusory fashion, that defendant assumed a role as plaintiff's agent when defendant allegedly purchased property in order to turn a quick profit, using money provided by plaintiff. The complaint, however, is devoid of anything other than this bare allegation regarding the agency and fiduciary duties arising thereunder, and includes no allegations that warrant imposition of the "higher realm of relationship" (Oddo Asset Mgt. v Barclay's Bank PLC, 19 NY3d 584, 593 [2012]). As such, it is not entitled to the liberal interpretation urged by plaintiff, and his breach of fiduciary duty claim was properly dismissed.
With respect to plaintiff's fraud claim, his complaint alleges, essentially, that defendant did precisely what he represented he would do, specifically that he would be purchasing real estate that would turn a 10% profit to plaintiff within a year. Plaintiff's complaint is devoid of any allegation that defendant represented how much, in addition to the 10%, if any, defendant agreed to remit to plaintiff after the sale. As such, plaintiff has alleged no material misrepresentation, justifiable reliance or damages (see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142—143 [2017]; Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2020
CLERK