Matter of Joyce M.M. v Robert J.G. (2020 NY Slip Op 05616)





Matter of Joyce M.M. v Robert J.G.


2020 NY Slip Op 05616


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND BANNISTER, JJ.


347 CAF 19-01510

[*1]IN THE MATTER OF JOYCE M.M., PETITIONER-APPELLANT,
v
ROBERT J.G., RESPONDENT-RESPONDENT. (APPEAL NO. 1.) 






MICHAEL J. FRENTZEL, ESQ., GRAND ISLAND (MICHAEL F. MCPARTLAN OF COUNSEL), FOR PETITIONER-APPELLANT. 
ANTHONY J. CERVI, BUFFALO, FOR RESPONDENT-RESPONDENT. 
DEBORAH J. SCINTA, ORCHARD PARK, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Brenda M. Freedman, J.), dated February 8, 2019 in a proceeding pursuant to Family Court Act article 5. The order dismissed the petition with prejudice. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by providing that the petition is dismissed without prejudice and as modified the order is affirmed without costs.
Memorandum: Petitioner, the maternal grandmother and custodian of the subject child, filed a petition for paternity seeking a determination that respondent is the biological father of the child and alleging, inter alia, that respondent had sexual intercourse with the mother at the time of the child's conception. Respondent, a resident of North Carolina, moved to dismiss the petition on, inter alia, the grounds that petitioner failed to state a cause of action and that Family Court lacked personal jurisdiction over him. The court granted the motion and dismissed the petition, with prejudice, on the ground that the court lacked personal jurisdiction over respondent pursuant to Family Court Act § 519.
We agree with petitioner that the court erred in granting respondent's motion on the ground that it lacked personal jurisdiction over him pursuant to Family Court Act § 519. Section 519 was enacted to provide exceptions to the common-law rule that paternity proceedings customarily abate upon the unavailability of the putative father (cf. Matter of Mary Ellen C. v Joseph William C., 79 AD2d 1024, 1024-1025 [2d Dept 1981]). It does not prevent personal jurisdiction from being established over an available party.
In a paternity proceeding, personal jurisdiction over a nonresident putative father may be established pursuant to Family Court Act § 580-201. Petitioner, however, admittedly failed to allege in her petition that respondent engaged in sexual intercourse with the mother in New York State at the time of conception, or that he had any other relevant ties to New York State, and no other grounds for jurisdiction apply (see Family Ct Act § 580-201 [6], [8]). Under the circumstances of this case, we conclude that the court should have granted the motion on the ground that petitioner failed to state a cause of action predicated upon respondent's sexual intercourse with petitioner in New York State (see generally Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141-142 [2017]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Inasmuch as such a dismissal is not on the merits, however, we further conclude that the petition should be dismissed without prejudice (see Herrmann v Bank of Am., N.A., 170 AD3d 1438, 1442 [3d Dept 2019]; Lamar Outdoor Adv. v City Planning Commn. of Syracuse, 296 AD2d 841, 842 [4th Dept 2002]). We therefore modify the order accordingly.
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court