Brophy v Big Bros. Big Sisters of Am., Inc. (2024 NY Slip Op 00993)

Brophy v Big Bros. Big Sisters of Am., Inc.

2024 NY Slip Op 00993

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2023-05737
 (Index No. 66934/19)

[*1]Richard Brophy, respondent, 
v
Big Brothers Big Sisters of America, Inc., et al., appellants.

Kasowitz Benson Torres LLP, New York, NY (Christian T. Becker, Patrick W. McDonald, Rafaela Shane Fischman, and Elliott Wolf of counsel), for appellant Family Services of Westchester, Inc.
Taylor Anderson, LLP (Christopher P. Soper, John T. Osgood, pro hac vice, and Fabiani Cohen & Hall, LLP, New York, NY [Diane K. Toner and Kevin B. Pollak], of counsel), for appellant Big Brothers Big Sisters of America, Inc.
Sweeney, Reich & Bolz, LLP, Lake Success, NY (Michael H. Reich and Kaitlin Hoffmann of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligent supervision, the defendant Family Services of Westchester, Inc., appeals, and the defendant Big Brothers Big Sisters of America, Inc., separately appeals, from an order of the Supreme Court, Westchester County (Leonard D. Steinman, J.), dated May 31, 2023. The order, insofar as appealed from, denied those branches of the defendants' separate motions which were pursuant to CPLR 3211(a)(7) to dismiss the first through fourth causes of action insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' separate motions which were pursuant to CPLR 3211(a)(7) to dismiss the third cause of action insofar as asserted against each of them, and substituting therefor a provision granting those branches of the separate motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action pursuant to CPLR 214-g, alleging that he was sexually abused by a mentor associated with the defendant Family Services of Westchester, Inc. (hereinafter FSW), an affiliate of the defendant Big Brothers Big Sisters of America, Inc. (hereinafter BBBS), beginning when the plaintiff was eight years old and continuing for several years thereafter. The amended complaint asserted, inter alia, causes of action alleging negligent supervision of FSW by BBBS (first cause of action), negligent recruitment, screening, and supervision of the mentor (second cause of action), negligent failure to provide a safe and secure environment (third cause of action), and negligent failure to warn (fourth cause of action).
The defendants separately moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against each of them. In an order dated May 31, 2023, the Supreme Court, inter alia, denied those branches of the defendants' respective motions which were [*2]pursuant to CPLR 3211(a)(7) to dismiss the first through fourth causes of action insofar as asserted against each of them. FSW appeals, and BBBS separately appeals.
In determining a motion to dismiss pursuant to CPLR 3211(a)(7), the pleadings are afforded a liberal construction, the facts as alleged in the complaint are accepted as true, and the plaintiff is accorded the benefit of every possible favorable inference (see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141; Leon v Martinez, 84 NY2d 83, 87).
"To establish a cause of action sounding in negligence, a plaintiff must establish the existence of a duty on defendant's part to plaintiff, breach of the duty and damages" (Davila v Orange County, 215 AD3d 632, 633-634 [internal quotation marks omitted]). "To sustain a cause of action sounding in negligent supervision of a child under the alleged facts of this case, the plaintiff must establish that the defendant 'had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated'" (Fuller v Family Servs. of Westchester, Inc., 209 AD3d 983, 984, quoting George v Windham, 169 AD3d 876, 877 [internal quotation marks omitted]). "Similarly, '[t]o establish a cause of action based on negligent hiring, negligent retention, or negligent supervision [of an employee], it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury'" (Fuller v Family Servs. of Westchester, Inc., 209 AD3d at 984, quoting S.C. v New York City Dept. of Educ., 97 AD3d 518, 519-520 [internal quotation marks omitted]). Further, to sustain a cause of action sounding in negligent failure to warn under the alleged facts of this case, the plaintiff must also establish that the employer was aware of the offending employee's propensity to engage in the complained-of conduct (see A.M. v Holy Resurrection Greek Orthodox Church of Brookville, 190 AD3d 470, 471).
Here, contrary to the defendants' contentions, the amended complaint adequately alleged that the defendants owed a duty of care to the plaintiff and that the sexual abuse by the mentor was foreseeable. Specifically, the amended complaint alleged that the mentor groomed and sexually abused the plaintiff "in connection with [the mentor's] position as a volunteer with BBBS and FSW" and "in connection with BBBS and FSW sponsored activities." During all relevant times, BBBS and FSW had allegedly assumed custody and control over the plaintiff "as a minor child in their care." The amended complaint alleged that the defendants had a duty to "take reasonable measures to guard against child sexual abuse by volunteers" and that the defendants failed to ensure that there were reasonable screening or recruitment measures in place to prevent such abuse. The amended complaint further alleged that BBBS published two reports demonstrating that, while the plaintiff's abuse was ongoing, BBBS was aware that the services it offered "attract[ed] child sexual abusers," that the clients of BBBS were at "high risk" for potential abuse, and that the selection process used to match mentors with mentees did not appropriately incorporate child sexual abuse prevention training (internal quotation marks omitted). Moreover, the amended complaint alleged that the mentor had "dangerous propensities," that the defendants "should have known" that the mentor had a propensity to sexually abuse children, and that oversight and monitoring of the mentor's interactions with his prior mentees "would have revealed [the mentor's] pattern of predatory behavior." At the pleading stage of the litigation, where the plaintiff's allegations are accepted as true and are accorded the benefit of every possible favorable inference, the plaintiff adequately alleged that the defendants owed the plaintiff a duty of care and that the sexual abuse by the mentor was foreseeable (see Kaul v Brooklyn Friends Sch., 220 AD3d 936, 938-939; Davila v Orange County, 215 AD3d at 634; Sullivan v St. Ephrem R.C. Parish Church, 214 AD3d 751, 753). Accordingly, the Supreme Court properly denied those branches of the defendants' separate motions which were pursuant to CPLR 3211(a)(7) to dismiss the first, second, and fourth causes of action insofar as asserted against each of them.
However, the Supreme Court should have granted those branches of the defendants' separate motions which were pursuant to CPLR 3211(a)(7) to dismiss the third cause of action, alleging negligent failure to provide a safe and secure environment, as it was duplicative of the second cause of action, alleging negligent recruitment, retention, and supervision (see Steven B. v Westchester Day Sch., 196 AD3d 624, 625).
DILLON, J.P., MALTESE, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court