| |
|---|
| **Cintas Corp. No. 2 v Department of Health & Mental Hygiene of the City of N.Y.** |
| 2024 NY Slip Op 31955(U) |
| June 5, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 656110/2018 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 14

-------------------------------------------------------------------------------X

CINTAS CORPORATION NO. 2 D/B/A CINTAS
CORPORATION

Plaintiff,

- v -

DEPARTMENT OF HEALTH AND MENTAL HYGIENE OF
THE CITY OF NEW YORK,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 656110/2018 |
| **MOTION DATE** | 05/23/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. ARLENE P. BLUTH:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 47, 48, 49, 50, 51, 52, 53, 54, 55

were read on this motion to/for                                    DISMISSAL                                    .


Defendant's motion to dismiss the complaint for failure to state a claim is denied.

**Background**

In this action for breach of contract, plaintiff, a uniform provider, claims it entered into an agreement with defendant in 2017 wherein plaintiff would provide uniforms to defendant for a term of five years. Under the terms of the contract, there were liquidated damages for early termination (NYSCEF Doc. No. 49, ¶ 11). After one year, defendant terminated the contract. This action seeks to recover the claimed outstanding invoices and liquidated damages.

On October 13, 2021, plaintiff filed a note of issue (NYSCEF Doc. No. 28). For some reason, defendant did not make motion for summary judgment. Instead, six years after the case began and two and a half years after the note of issue was filed, defendant now moves to dismiss the complaint. It contends that the complaint fails to state a cause of action pursuant to CPLR

656110/2018   CINTAS CORPORATION NO. 2 vs. DEPARTMENT OF HEALTH AND
Motion No.  001

Page 1 of 4

[* 1]

3211(a)(7). Defendant argues that the City promulgates rules that control how contracts are awarded for goods and services, and this agreement does not comport with the City's requirements and so it is not a valid contract. Defendant also includes a spreadsheet logging the invoices sent by plaintiff and contends that this log proves that defendant paid all invoices so plaintiff's claims for account stated, quantum meruit and unjust enrichment should be dismissed.

Moreover, defendant maintains that the service agreement at issue violates plaintiff's contract and purchase order. It also contends that the person who signed the subject service agreement on behalf of defendant did not have the authority to do so. In fact, defendant claims that the services contract was an illegal contract that cannot be enforced.

In opposition, plaintiff contends that the purchase order is unsigned. Moreover, plaintiff argues that defendant is presenting its motion as one for dismissal for failure to state a claim but, based on defendant's arguments, it is actually a motion to dismiss based on documentary evidence. Plaintiff asserts that such a motion is time-barred and must be denied.

In reply, defendant contends the motion was properly made as the complaint does not allege a valid and enforceable contract. Defendant argues that the terms and conditions contained in the City's standard service contract are available to the public and that the agreement between the parties here does not comport with these terms. Defendant maintains that the invoice log proves there are no outstanding unpaid invoices.

**Discussion**

"On a motion to dismiss pursuant to CPLR 3211(a)(7), we accept the facts as alleged in the complaint as true, accord plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. At the same time, however, allegations consisting of bare legal conclusions . . . are not entitled to any such

**656110/2018   CINTAS CORPORATION NO. 2 vs. DEPARTMENT OF HEALTH AND
Motion No.  001**

Page 2 of 4

consideration" (*Connaughton v Chipotle Mexican Grill*, *Inc*., 29 NY3d 137, 141, 75 NE3d 1159 [2017] [citation and internal quotations omitted]).

As an initial matter, plaintiff is correct that this Court must ignore the portions of defendant's motion that appear to rely upon documentary evidence and thereby implicate CPLR 3211(a)(1). Of course, the time for defendant to make such a motion under that subsection has long passed (*see* CPLR 3211[e]) as has the time to move for summary judgment; therefore, this Court can only analyze this motion as one under CPLR 3211(a)(7) (which has no time limit) and consider whether plaintiff has stated a cause of action in the complaint.[1]

Here, plaintiff has stated cognizable causes of action in the complaint for a breach of contract, account stated and, in the alternative, quasi contract theories of quantum meruit and unjust enrichment. Defendant's reliance on outside documents (*i.e.,* the City standard service contract and the invoice log) is not a basis to grant the instant motion. Nor is defendant's contention that the person who signed the service agreement lacked authority to bind defendant. These arguments are, in this Court's view, an improper attempt to point to documentary evidence under CPLR 3211(a)(1) or a misguided effort to make a summary judgment motion - both of which, as noted above, would be untimely.

In short, the instant motion is an obvious attempt to do an "end run" around the fact that defendant failed to make a timely summary judgment motion. There is no question that the complaint states valid causes of action- plaintiff claims it had an agreement with defendant to supply uniforms, it supplied the uniforms, and defendant didn't pay all the bills and terminated

---

[1] The Court recognizes that sometimes evidence can be submitted in support of a successful CPLR 3211(a)(7) motion (*see Basis Yield Alpha Fund (Master) v Goldman Sachs Group, Inc.,* 115 AD3d 128, 134 [1st Dept 2014]). But the evidence submitted here does not flatly refute the claims in the complaint. Rather, the evidence merely purports to support defendant's legal arguments that the contract is void. That is, as is discussed below, appropriate in the summary judgment context, not in a CPLR 3211(a)(7) motion.

**656110/2018   CINTAS CORPORATION NO. 2 vs. DEPARTMENT OF HEALTH AND**                          **Page 3 of 4**
**Motion No.  001**

the agreement early.  Defendant's motion reads as a CPLR 3211(a)(7) application in name only; any plain reading of defendant's papers make clear it is an untimely summary judgment motion.

Accordingly, it is hereby

ORDERED that defendant's motion to dismiss the complaint for failure to state a claim is denied.

|  |  |  |
|---|---|---|
| __6/5/2024__<br>**DATE** |  | **ARLENE BLUTH, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED  ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**656110/2018   CINTAS CORPORATION NO. 2 vs. DEPARTMENT OF HEALTH AND**
**Motion No.  001**

**Page 4 of 4**