Sweatman v The Hurlbut (2025 NY Slip Op 02522)

Sweatman v The Hurlbut

2025 NY Slip Op 02522

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND DELCONTE, JJ.

882 CA 23-01384

[*1]KAREN SWEATMAN, AS ADMINISTRATOR OF THE ESTATE OF JACOB SWEATMAN, DECEASED, PLAINTIFF-APPELLANT,
v
THE HURLBUT, THE HURLBUT, LLC, HURLBUT CARE COMMUNITIES, ROHM SERVICES CORPORATION AND ROBERT W. HURLBUT, DEFENDANTS-RESPONDENTS. 

BROWN CHIARI LLP, BUFFALO (JESSE A. DRUMM OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
PULLANO & FARROW, EAST ROCHESTER (JEFFREY T. WOLBER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Monroe County (Emilio Colaiacovo, J.), entered July 28, 2023. The order, insofar as appealed from, granted in part the motion of defendants to dismiss the amended complaint. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in its entirety, and the amended complaint is reinstated in its entirety.
Memorandum: Plaintiff commenced this action for, inter alia, wrongful death, arising from the death of plaintiff's decedent (decedent) in March 2020 following decedent's transfer from defendants' nursing home to a local hospital. After plaintiff filed an amended complaint, defendants moved to dismiss the amended complaint on various grounds. Plaintiff now appeals from an order that, inter alia, granted defendants' motion in part by dismissing the amended complaint, pursuant to CPLR 3211 (a) (7), insofar as it seeks damages as a result of decedent's exposure to or complications from COVID-19. Supreme Court granted the motion to that extent based upon the immunity conferred by the Emergency or Disaster Treatment Protection Act (EDTPA) (Public Health Law former art 30-D, §§ 3080-3082) and the Federal Public Readiness and Emergency Preparedness Act (PREP Act) (42 USC § 247d-6d). Plaintiff contends that the court erred to the extent that it granted the motion, and we agree.
When considering a motion to dismiss the complaint pursuant to CPLR 3211, the court "must give the pleadings a liberal construction, accept the allegations as true and accord the plaintiff[ ] every possible favorable inference" (Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 52 [2016]; see generally Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141 [2017]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]). In evaluating whether a complaint should be dismissed pursuant to CPLR 3211 (a) (7) in a case where the court has considered evidentiary material in support of or in opposition to the motion, "the criterion is whether the proponent of the pleading has a cause of action, not whether [the proponent] has stated one" (Leon, 84 NY2d at 88 [internal quotation marks omitted]). Thus, "[s]ummary dismissal is appropriate under CPLR 3211 (a) (7) when the defendant[s'] evidentiary submissions 'establish conclusively that plaintiff has no cause of action' " (Liberty Affordable Hous., Inc. v Maple Ct. Apts., 125 AD3d 85, 87 [4th Dept 2015], quoting Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976]).
With respect to the EDTPA, it provided, with certain exceptions, that "any health care facility or health care professional shall have immunity from any liability, civil or criminal, for [*2]any harm or damages alleged to have been sustained as a result of an act or omission in the course of arranging for or providing health care services" as long as three conditions were met: the services were arranged for or provided pursuant to a COVID-19 emergency rule or otherwise in accordance with applicable law; the act or omission occurred in the course of arranging for or providing health care services and the treatment of the individual was impacted by decisions or activities that were in response to or as a result of the COVID-19 outbreak and in support of the State's directives; and the services were arranged or provided in good faith (Public Health Law former § 3082 [1]). Health care facilities included nursing homes (see former § 3081 [3]), and health care professionals included individual medical providers as well as administrators and executives of health care facilities (see former § 3081 [4]). There is no dispute that defendants fall within the group of individuals and entities covered by the EDTPA, inasmuch as each of them is either a health care facility or a health care professional (see former § 3081 [3], [4]). We agree, however, with plaintiff that defendants' submission of the affidavit of Robert G. Hurlbut, the administrator of the facility during the relevant time period, does not conclusively establish that the act or omission constituting defendants' alleged negligence occurred in the course of arranging for or providing health care services, and it likewise does not conclusively establish that the treatment of decedent was impacted by the health care facility's or health care professionals' decisions or activities in response to or resulting from the COVID-19 outbreak (see Holder v Jacob, 231 AD3d 78, 89 [1st Dept 2024]). We therefore conclude that defendants' submissions did not conclusively establish the three requirements for immunity under the EDTPA (see former § 3082 [1]; Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc., 228 AD3d 618, 619 [2d Dept 2024]).
With respect to the PREP Act, that legislation "provides broad immunity 'from suit and liability under [f]ederal and state law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure' during a public-health emergency" (Solomon v St. Joseph Hosp., 62 F4th 54, 58 [2d Cir 2023], quoting 42 USC § 247d-6d [a] [1]). "Effective February 4, 2020, the [Secretary of the Department of Health and Human Services] declared COVID-19 . . . a public health emergency and defined 'covered countermeasures' as any antiviral, drug, biologic, diagnostic, device, or vaccine used to treat, diagnose, cure, prevent, or mitigate COVID-19" (id. [internal quotation marks omitted]). Under the PREP Act, the scope of immunity "applies to any claim for loss that has a causal relationship with the administration to or use by an individual of a covered countermeasure, including a causal relationship with the design, development, clinical testing or investigation, manufacture, labeling, distribution, formulation, packaging, marketing, promotion, sale, purchase, donation, dispensing, prescribing, administration, licensing or use of such countermeasure" (42 USC § 247d-6d [a] [2] [B]). Here, plaintiff alleged, among other things, that defendants failed to properly sterilize equipment to prevent the spread of infection, failed to follow their own infection control practices, and failed to maintain and utilize the proper personal protective equipment as required by federal law. Plaintiff further alleged that decedent suffered a range of injuries from defendants' negligence, including pressure ulcers, head injuries, and lacerations, in addition to the contraction of COVID-19. Defendants' submissions failed to establish that decedent's injuries arose from the use of an approved countermeasure under the PREP Act (see Kluska v Montefiore St. Luke's Cornwall, 227 AD3d 690, 692 [2d Dept 2024]). Based on the foregoing, we reverse the order insofar as appealed from, deny the motion in its entirety, and reinstate the amended complaint in its entirety.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court