| |
|---|
| **Obah v Archdiocese of N.Y.** |
| 2025 NY Slip Op 32256(U) |
| June 25, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 161122/2023 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. DAVID B. COHEN            PART                    58

*Justice*

------------------------------------------------------------------------------X

PATRICK C. OBAH,

INDEX NO.          161122/2023

Plaintiff,

MOTION DATE        02/08/2024, 05/09/2025

- v -

MOTION SEQ. NO.    001 004

ARCHDIOCESE OF NEW YORK,

Defendant.

**DECISION + ORDER ON MOTION**

------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 14, 15, 18, 19, 22, 24, 26, 32, 33

were read on this motion to/for                    DISMISS                    .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54

were read on this motion to/for                LEAVE TO FILE            .

In this defamation action, defendant moves pursuant to CPLR 3211(a)(5) and (7) for an order dismissing the action against it (seq. 001). Plaintiff opposes.

In motion sequence 004, plaintiff, now self-represented, seeks leave to submit additional evidence in opposition to defendant's motion. Defendant opposes.

Pursuant to CPLR 3211(a)(5), a claim may be dismissed if it was asserted past the applicable statute of limitations. Pursuant to CPLR 3211(7), a party may move for dismissal "on the ground that the pleading fails to state a cause of action." Dismissal of a complaint pursuant to CPLR 3211(a)(7) requires that the pleading be afforded a liberal construction and that the court accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see CSC Holdings, LLC v*

161122/2023  OBAH, PATRICK C. vs. ARCHDIOCESE OF NEW YORK
Motion No.  001 004

Page 1 of 4

*Samsung Elecs. Am., Inc.*, 192 AD3d 556 [1st Dept 2021]). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (*Connaughton v. Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017] [citations omitted]).

As set forth in plaintiff's complaint (NYSCEF 3), the first allegedly defamatory statement occurred in 2020. However, as the action was not commenced until 2023, it is time-barred (CPLR 215[3]).

Plaintiff's allegations related to a statement made in a telephone call in December 2022 fail to state a claim as it is undisputed that the call occurred between plaintiff and one other person, and it is not alleged that the contents of the call were heard by or conveyed to any other person (14 NY Prac, New York Law of Torts 1:44 [2023] [defamatory statement must be heard by third party to be actionable; insufficient if statement only published to defamed person]).

Finally, the statement published in defendant's monthly magazine in December 2022, in which defendant advised its readers that plaintiff "does not have faculties to function in the Archdiocese of New York . . . and is not allowed to function in any capacity as a priest . . .," does not give rise to a defamation claim absent any evidence that the statements were not true. Indeed, plaintiff admits in his complaint that he did not have the required faculties and did not seek them from defendant (NYSCEF 3, p. 2-3), and he fails to identify which statements in the article were allegedly false (*Birkenfeld v UBS AG*, 172 AD3d 566, 566 [1st Dept 2019] [truth provides complete defense to claim of defamation]).

Moreover, even if defamatory, the article is subject to a qualified common interest privilege, which applies to communications made by a person with a legitimate interest in

**161122/2023   OBAH, PATRICK C. vs. ARCHDIOCESE OF NEW YORK**
**Motion No.  001 004**

**Page 2 of 4**

2 of 4

making or a duty to make the communication, and the communication is sent to a person with a corresponding interest or duty (14 NY Prac, New York Law of Torts 1:51 [2023]). Here, defendant demonstrates that it had a legitimate interest in making the statement to members of its congregation (*see e.g., Kamchi v Weissman*, 125 AD3d 142 [2d Dept 2014] [qualified privilege applied to communications carried out in furtherance of common interest of religious organization]; *Sieger v Union of Orthodox Rabbies of U.S. and Canada, Inc.*, 1 AD3d 180 [1st Dept 2003], *lv denied* 3 NY3d 604 [2004] [statements subject to qualified privilege, as they were made by rabbis in discharge of duty and furtherance of common interest of religious organization]).

In order to rebut the common interest privilege, plaintiff was required to establish that the article was false, which, as discussed above, he has not done.

In light of this result, there is no need to consider plaintiff's motion for leave to, in effect, submit additional evidence in sur-reply. Moreover, plaintiff was represented by counsel when he filed the original opposition to the motion, and he does not explain why counsel was unable to submit the evidence at that time. In any event, a review of the documents reflects that they would not have changed the outcome here.

Accordingly, it is hereby

ORDERED that motion to dismiss (seq. 001) is granted, and the complaint is dismissed in its entirety, and the clerk is directed to enter judgment accordingly; and it is further

**161122/2023   OBAH, PATRICK C. vs. ARCHDIOCESE OF NEW YORK**
**Motion No.  001 004**

**Page 3 of 4**

3 of 4

ORDERED that plaintiff's motion for leave to file (seq. 004) is denied.

|  |  |
|---|---|
| **6/25/2025** | **DAVID B. COHEN, J.S.C.** |
| **DATE** |  |

| CHECK ONE: | X | CASE DISPOSED |  | NON-FINAL DISPOSITION |  |  |
|---|---|---|---|---|---|---|
|  |  | GRANTED |  | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: |  | SETTLE ORDER |  | SUBMIT ORDER |  |  |
| CHECK IF APPROPRIATE: |  | INCLUDES TRANSFER/REASSIGN |  | FIDUCIARY APPOINTMENT |  | REFERENCE |

**161122/2023   OBAH, PATRICK C. vs. ARCHDIOCESE OF NEW YORK**
**Motion No.  001 004**

**Page 4 of 4**

4 of 4

[* 4]